(51 South. 1016.)

No. 18,017.

WAGGNER et al. v. POLICE JURY OF PARISH OF JEFFERSON et al.

(March 14, 1910.)

(Syllabus by the Court.)

1. APPEAL AND ERROR (§ 170*)—REVIEW—CONSTITUTIONAL QUESTIONS.

The constitutionality of a statute will not be considered when raised for the first time in the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1037, 1038; Dec. Dig. § 170.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)—SPECIAL TAX ELECTIONS — CONTEST — PRESCRIPTION.

The prescription of three months provided by Act No. 106 of 1892 against actions to contest special tax elections under article 209 of the Constitution of 1879 is applicable to similar elections under article 232 of the Constitution of 1898.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 103.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)—SPECIAL TAX ELECTIONS—CONSTITUTIONAL PROVISIONS.

Article 281 of the Constitution of 1898, authorizing municipal corporations, parishes, drainage districts, and (by amendment of 1906) school districts, to issue negotiable bonds under certain conditions and restrictions, has no application to special tax elections under article 232 of the same Constitution.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 103.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)—SPECIAL TAX ELECTIONS — PRESCRIPTION — CURE OF IRREGULARITIES.

The three months' prescription provided by Act No. 106 of 1892 cures all alleged illegalities and irregularities in the election proceedings, including the petition of the taxpayers and the promulgation of the result.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 103.*]

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Prentice E. Edrington, Judge.

Action by Oliver V. Waggner and others against the Police Jury, Parish of Jefferson, and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

L. R. Hoover and Edward A. Parsons, for appellants. Louis H. Marrero, Jr., for appellees. Thos. E. Furlow, amicus curiæ.

LAND, J. On the petition of the taxpayers, the police jury of the parish of Jefferson on March 3, 1909, ordered a special election to be held on April 15, 1909, to decide whether or not a special tax of two mills should be levied for five years to build and equip schoolhouses and to give additional support to the public schools of the parish.

The election was held pursuant to said order, and the proposed tax was carried by an overwhelming majority. The result was duly promulgated on May 5, 1909, and the tax so voted was levied for five years.

On July 3, 1909, the police jury adopted an ordinance providing for the issue of $40,000 of bonds based on the taxes thus cited and levied, "conformably with Act No. 84 of 1906."

Plaintiffs filed their petition on September 1, 1909, praying that the petition of the taxpayers, the ordinance, the special election, and the special tax voted be declared illegal, null, void, and of no effect.

The grounds of alleged illegality may be briefly stated as follows:

That the petition for the tax was not signed by one-fifth of the property tax payers of the school district.

That the statute in such cases requires that the petition be signed by one-third of the property tax payers of the school district.

That no legal or proper publication of the petition and ordinance was made for 30 days as required by law.

That no legal notice of said election was published for 30 days as required by law, and that said election was not held under and in accordance with the general election laws of the state.

That the board of school directors of the parish of Jefferson have not divided the par-

ish into convenient school districts as required by section 15 of Act No. 214 of 1902, but have made the parish one school district.

That the police jury has not levied a general three-mill school tax as required by law, but only two mills, and that the two mills additional special tax is unnecessary, unwarranted, and illegal.

Plaintiffs prayed for writs of injunction restraining the assessment and collection of said special taxes for five years. In answer to a rule nisi, the defendants pleaded that the action was prescribed or perempted by the lapse of three months from the date of the promulgation of the result of the election in question.

The judge a quo sustained the plea of prescription and denied the plaintiff's application for writs of injunction. Plaintiffs have appealed.

Plaintiffs' petition is silent as to the police jury ordinance of July 3, 1909, providing for the issue of bonds based on the special taxes voted at the election of April 15, 1909.

The petition does not assail Act No. 84 of 1906 as unconstitutional. The attack made in this court in oral argument and in brief by counsel for plaintiffs on said statute as unconstitutional cannot be considered. Murphy v. Police Jury, 118 La. 401, 42 South. 979. The constitutionality of a statute will not be considered when raised for the first time in the appellate court. Cent. Dig. vol. 2, § 1037.

Article 232 of the Constitution of 1898 provides for special taxes for giving additional support to public schools and for the construction of public schoolhouses when voted by a majority of the property tax payers of the school district.

Act No. 131 of 1898 was passed to carry into effect article 232 of the Constitution of 1898. The first section, inter alia, provides that, whenever so petitioned by one-third of the property tax payers of any school district,

the police jury of the parish shall order a special election and submit to the property tax payers of the district the rate of taxation, the number of years the tax is to be levied, and the purposes for which it is intended. This act contains no provisions for contesting such elections and is equally silent as to the prescription of actions to annul or set aside any tax election within the purview of the statute.

By Act No. 174 of 1902, the petition of one-fifth of the property tax payers was made sufficient to authorize the ordering of elections for special taxes under Act No. 131 of 1898.

Article 281 of the Constitution of 1898 provides that municipal corporations, parishes, and drainage districts, when authorized to do so by a majority vote in number and amount of the property tax payers voting at an election held for that purpose, may incur debt and issue negotiable bonds to a limited amount and under certain conditions.

In 1899 the General Assembly passed Act No. 5 to carry into effect article 281 of the Constitution. In section 17 it was enacted that no one should have any cause of action to contest any election held under the provisions of the act from and after a delay of six months from the date of the promulgation of the result of such election. See, also, Acts Nos. 12 and 114 of 1900 relative to special taxes and bonds under article 281.

In 1902 the General Assembly passed Act No. 145, to amend and re-enact Act No. 5 of 1899, entitled an act to carry into effect article 281 of the Constitution. The act of 1902, like its predecessor, applies only to municipal corporations, parishes, and drainage districts. Section 16 re-enacted the prescriptive clause of section 17 of Act No. 5 of 1899.

It is to be noted that neither statute provides the mode or manner of contesting special elections under article 281 of the Constitution.

In 1906 the General Assembly by Act No. 84 authorized parishes, municipal corporations, and parish boards of school directors, the parish of Orleans excepted, to issue bonds for certain public purposes to be secured by special taxes voted under article 232 of the Constitution.

The act authorizes the funding of special taxes voted and carried, without consulting the taxpayers, and provides that the district attorney shall certify across the face of each bond that all the proceedings relating to the voting of the special tax and the issuing of the bonds are regular in form, and that the proceeds of the special tax for the year 19—— will be ample for the payment of the said bond, principal and interest. The said act further provides that:

"Thereafter the said bonds shall be incontestable for any cause after three months from the date of the promulgation of the result of said special election, except for fraud in their issuance."

Act No. 122 of 1906, a joint resolution, proposing an amendment to article 281 of the Constitution, was adopted in November, 1906. By this amendment school districts and sewage districts were also authorized to issue bonds under the provisions of said article of the Constitution.

The only question in the case as presented and tried below is that of prescription. A review of the statutes enacted since the adoption of the Constitution of 1898 shows that no act has been passed providing the manner of contesting special tax elections, and that no new laws relating to the prescription of contested special tax elections have been enacted, except in case of municipal corporations, parishes, and drainage districts as provided in article 281 of the Constitution.

None of the enabling acts to carry into effect article 232 of the Constitution provide any prescriptive period for contesting special elections held thereunder. But when the Constitution of 1898 was adopted there was in force Act No. 106 of 1892, providing for contests of special tax elections under articles 209 and 242 of the Constitution of 1879, corresponding in the main with articles 232 and 270 of the Constitution of 1898. The statute provides that:

"Any suit under the provisions of this act, shall be brought within three months after the promulgation of the result of the election contested."

The General Assembly has never made any provisions for contesting elections held under article 232 of the Constitution, nor has passed any statute of limitations with respect to such elections. This inaction can be explained only on the theory that the lawmaker considered Act No. 106 of 1892 as applicable to such elections. The lawmaker, on the other hand, has treated article 281 of the Constitution of 1898 as new legislation, and has enacted that all contests of elections thereunder shall be barred by the prescription of six months.

In Baucum v. Police Jury, 119 La. 536, 44 South. 289, the prescription of three months was applied to a special tax election for school purposes. In the recent case of L. N. Folse v. Police Jury et al., ante, p. 603, 51 South. 658, we sustained a plea of prescription of three months under act No. 106 of 1892 against an action to annul a similar election, and said:

"If plaintiffs are forced (as they are) to invoke the statute to sustain their right to such an action, defendants have the undoubted legal right to resist such an action on the ground that it was not instituted within the time limit."

It is to be noted that Act No. 84 of 1906 enacts that after three months bonds issued under its provisions shall be incontestable. As such bonds are based on special tax elections, the same prescription should apply to both. Otherwise, the special tax election might be set aside, and the bonds based on the same be incontestable.

In Guillory v. Railway Co. et al., 104 La.

11, 28 South. 899, the court held that the three months' prescription provided by Act No. 106 of 1892 is broad enough to embrace all matters preceding the election and leading up to it, as well as matters affecting the election and the promulgation of the result.

Judgment affirmed.