(64 South. 403.)

No. 20,371.

STATE v. KELLY.

(Feb. 2, 1914.)

*(Syllabus by the Court.)*

1. INDICTMENT AND INFORMATION (§ 15*) — BAR TO PROSECUTION — PENDENCY OF ANOTHER ACCUSATION.

An indictment and an information may be filed against the same defendant, for the same offense, in the same court.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 83–88, 448; Dec. Dig. § 15.*]

2. OBSTRUCTING JUSTICE (§ 3*) — OFFICERS EXECUTING PROCESS.

Section 865 of the Revised Statutes of 1870, as amended and re-enacted by Act No. 11 of 1882, not only makes it an offense to illegally resist, oppose, or assault any officer of the state while serving the process of any court, but also makes it an offense to assault *and* beat or wound any officer, or other person duly authorized, while serving such process. The section is broad enough to cover a town marshal, or any other municipal officer, or person duly authorized, to serve or execute the process, writs, or orders of municipal courts.

[Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. §§ 3–12; Dec. Dig. § 3.*]

Appeal from Fifth Judicial District Court, Parish of Jackson; Cas Moss, Judge.

M. B. Kelly was convicted of resisting and assaulting an officer while attempting to serve and execute a process, and appeals. Affirmed.

Samuel Barksdale, of Jonesboro, for appellant. R. G. Pleasant, Atty. Gen., and Julius T. Long, Dist. Atty., of Winnfield (G. A. Gondran, of Donaldsonville, of counsel), for the State.

LAND, J. The information charged that the defendant did willfully, feloniously, and maliciously resist, oppose, and assault, beat and wound one J. H. Jones, an officer of the state of Louisiana, to wit, marshal of the town of Jonesboro, while he was attempting to serve and execute the process and order of the mayor's court of said town, by arresting one Frank Ferguson for cursing and swearing in a public place and near a private house within the town aforesaid, in the presence of the said marshal, and for exposing his person in a public place in said town, in violation of the ordinances of said town.

The defendant moved to quash the information for the following reasons, to wit:

"That the accused is held for trial and is charged in a bill of indictment for cutting and stabbing the same person at the same time and place as the, wounding charged in this bill of information, and that this accused is held and charged for the same offense in two separate bills."

The motion to quash was heard and overruled. Defendant was then tried on his plea of not guilty before a jury, and was found guilty as charged, "with the mercy of the court."

Defendant interposed a motion in arrest of sentence on the ground that the marshal of the town of Jonesboro was not a state officer.

This motion was overruled, and the defendant was sentenced to imprisonment at hard labor in the state penitentiary for a term of 12 months. Defendant appealed.

[1] It was proven on the trial of the motion to quash that the defendant and Frank Ferguson had been previously indicted by the grand jury of the parish for feloniously cutting and stabbing J. H. Jones with a dangerous weapon, with intent to kill. It was admitted by the state that the indictment and information were based on the same state of facts.

Defendant's counsel argues that the lawmaker never intended that two bills should exist and be pending against a person for one and the same offense, and that the plea of lis pendens should be permitted in both criminal and civil cases. Unfortunately for the argument, the fixed jurisprudence is otherwise.

"The pendency of an indictment or information is no bar to another prosecution under a different indictment or information. There may be several indictments or informations pending in the same court, for the same offense, against the same defendant." Marr's Crim. Juris. p. 579.

[2] Section 865 of the Revised Statutes of 1870, as amended and re-enacted by Act No. 11 of 1882, reads as follows:

"That whoever shall illegally resist, oppose or assault any officer of this state, while serving or attempting to serve or execute the process, writ or order of any court, or shall assault and beat or wound any officer or other person duly authorized, while serving or executing any process, writ or order aforesaid, shall on conviction be imprisoned not exceeding two years at hard labor or otherwise, or fined not exceeding one thousand dollars or both at the discretion of the court."

This section makes it an offense to illegally resist, oppose, or assault any officer of this state, while serving or attempting to serve or execute the process, writ, or order of any court, or to assault *and* beat or wound any officer or other person duly authorized, while serving or executing any process, writ, or order, aforesaid. It would seem that the first part of the section applies to any officer of the state, and the second to any officer or other persons duly authorized to serve or execute the process, writs, or orders of any court, and that in the case of state officer to illegally resist, oppose, or assault is an offense, and in the case of any other officer or person the offense consists in assaulting *and* beating or wounding him while serving or executing process, etc. The information covers both cognate offenses, and if Marshal Jones was not a state officer, he certainly was a municipal officer, duly authorized to serve or execute process, writs, and orders issuing from the mayor's court.

It is therefore ordered that the judgment below be affirmed.

PROVOSTY, J., being absent on account of illness, takes no part.