(95 South. 106)

No. 25652.

## STATE v. TITUS.

(Dec. 29, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬳761(6)—Court may assume that officer resisted or assaulted was officer of state, and confine charge to such officers when he was such as a matter of law.**

Under Act No. 11 of 1882, relative to resisting, opposing, or assaulting any officer of the state while serving process, etc., or assaulting and beating or wounding any officer or person duly authorized while serving process, etc., when the officer in question, as a matter of law, was an officer of the state, the court may so assume in his charge, and confine the charge to the law applicable to officials of that class.

2. **Obstructing justice ⬳17½ — Question whether deputy sheriff was officer of state within statute is one of law.**

The question whether a deputy sheriff is an officer of the state within Act No. 11 of 1882, relative to resisting, opposing, or assaulting any officer of the state while serving process, etc., is purely one of law.

3. **Obstructing justice ⬳3 — Deputy sheriff held an "officer of the state"; "state office."**

A state office is one created by the Legislature or established by the Constitution, and hence a deputy sheriff whose appointment is provided for by Rev. St. § 3542, and Code Prac. art. 764, is an "officer of the state" within Act No. 11 of 1882, relative to resisting, opposing, or assaulting any such officer while serving any process, etc.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, State Officer; Second Series, State Office.]

4. **Sheriffs and constables ⬳99—Deputy sheriff is "public officer," and responsible to state, as well as to sheriff.**

While, under Rev. St. § 3542, and Code Prac. art. 764, a deputy sheriff is under the sheriff's general directions, and the sheriff is responsible for his conduct, the deputy is responsible to the state, being criminally responsible for his discrepancies in office, and is a "public officer."

5. **Obstructing justice ⬳3—Offense to resist or oppose deputy sheriff without assaulting and beating him.**

As a deputy sheriff is an officer of the state, it is sufficient to constitute the offense denounced by Act No. 11 of 1882 that he be illegally resisted, opposed, or assaulted while serving or executing process, etc., and it is not necessary that he be assaulted and beaten or wounded.

6. **Criminal law ⬳881(2, 4)—Verdict finding defendant guilty of charge held responsive and sufficient.**

Where an information in a single count charged defendant with assaulting, beating and wounding a deputy sheriff while serving and attempting to serve a warrant of arrest, a verdict finding defendant "guilty of charge" would have been responsive and sufficient, as the acts set up in the information were not distinct offenses, but ingredients of the same offense, any one of which would constitute the offense.

7. **Criminal law ⬳885—Verdict finding defendant guilty at mercy of court not uncertain.**

Whether a verdict found defendant "guilty of charge" or "guilty as charge (charged)," the addition of the words "at the mercy of the court" would not render it uncertain, but would merely constitute a recommendation to the mercy of the court.

8. **Criminal law ⬳881(3)—Verdict not void for uncertainty because of misspelled word.**

A verdict finding defendant "guilty as charge," instead of "guilty as charged," is not void for uncertainty; the intention of the jury being readily understood, and not left in doubt.

9. **Criminal law ⬳957(2)—Juror cannot testify to show facts found to explain why verdict rendered in language used.**

A juror could not testify on motion for new trial for the purpose of showing the particular facts found by the jury in order to explain the verdict or show why the jury rendered it in the language used, or in that claimed to have been used, as verdicts cannot be explained in that manner.

O'Niell, J., dissenting.

Appeal from Twenty-First Judicial District Court, Parish of Iberville; C. K. Schwing, Judge.

H. O. Titus was convicted of an offense, and he appeals. Affirmed.

Dupont & Dupont, of Plaquemine, for appellant.

A. V. Coco, Atty. Gen., and J. H. Morrison, Dist. Atty., of New Roads (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

OVERTON, J. The district attorney of the Twenty-First judicial district filed a bill of information against defendant charging him with having illegally, willfully and feloniously assaulted, beaten, and wounded one A. G. Markins, a deputy sheriff of the parish of Iberville, state of Louisiana, duly appointed and qualified, while he, the said Markins, in his said capacity as deputy sheriff, was then and there serving and attempting to serve and execute a certain warrant for the arrest of defendant issued by the justice of the peace in and for the Third ward of that parish.

He was tried on this charge, found guilty by the jury, and sentenced by the court to be confined in the penitentiary for not less than 23 nor more than 24 months, and to pay a fine of $100 and costs of court.

The charge was preferred under Act 11 of 1882, which reads as follows:

"That whoever shall illegally resist, oppose or assault any officer of this state, while serving or attempting to serve or execute the process, writ or order of any court, or shall assault and beat or wound any officer or other person duly authorized, while serving or executing any process, writ or order aforesaid, shall on conviction be imprisoned not exceeding two years at hard labor or otherwise, or fined not exceeding one thousand ($1,000.00) dollars or both at the discretion of the court."

It will be observed that the statute makes a distinction between "officers of this state," on the one part, and "any officer or any person duly authorized," on the other part, for, as to the former, to constitute the offense it is sufficient that such officer be resisted, opposed, or assaulted, while serving or attempting to serve or execute the process, etc., of any court, but this is not sufficient in so far as respects any one of the latter class, for to constitute the offense an officer or person of that class must be assaulted and beaten or wounded, while serving or executing such process. While we fail to discern the reason for making the distinction, yet the Legislature in the exercise of its discretion has made it. The distinction was recognized by this court in State v. Kelly, 134 La. 535, 64 South. 403.

This distinction has given rise to the first bill of exceptions, which was reserved because of the failure of the judge to differentiate in his charge to the jury between an officer of this state, as the term is used in the statute, and a deputy sheriff, and because of his refusal to give six special charges, each of which assumes that a deputy sheriff is not an officer of the state, within the intendment of the statute, but is one of the other officers referred to, or a mere agent or employee of the sheriff, authorized to serve process. This bill also recites that the charge of the judge is vague and misleading.

The court charged the jury that—

"In order to convict the accused, the state must prove that the accused did illegally resist, oppose, or assault Guss Markins, a duly approved deputy sheriff, while he was serving or attempting to serve or execute the process, writ, or order of any court, or that he assaulted or beat him, and that he was a person duly authorized, while serving or executing a process, writ, or order of a court."

And the court further instructed the jury as to what constitutes resistance under the statute, but the instruction so given, like the one above quoted, is applicable only to resisting an officer of this state. The defendant, therefore, excepted to the instruction, and states in his brief that he did so because,

while the trial judge took the position that a deputy sheriff is an officer of the state, and therefore charged the jury accordingly, yet in his view a deputy sheriff is not such an officer.

[1, 2] The correctness of the charge of the judge, and of his refusal to give any one of the six special charges requested, is dependent upon whether a deputy sheriff is an officer of the state. If he is, the trial judge had the right, in view of the fact that the bill of information charged the defendant with having resisted a deputy sheriff, to assume that such an official was an officer of the state, and to confine his charge to the law, in so far as it is applicable to resisting officials of that class, while serving or attempting to serve or execute the process, or orders of court, and he had a right to so assume for the reason that the question as to whether a deputy sheriff is an officer of the state is purely one of law.

[3] This court has defined a state office to be one created by the Legislature, or one established in the first instance by the Constitution. State v. Taylor, 44 La. Ann. 783, 11 South. 132; State v. Rogers, 138 La. 867, 70 South. 863. This definition as to what constitutes a state office is appropriate in interpreting the statute under consideration; and therefore, examining to ascertain whether such an office has been created, either by the Constitution or the Legislature, we find that it has been created by the latter, for section 3542 of the Revised Statutes reads that:

"The sheriff is authorized to appoint as many deputies as he may think necessary, to be sworn in by any officer vested with the power of administering oaths."

And article 764 of the Code of Practice, which Code is Act No. 98 of 1870, reads that:

"Every sheriff may, with the approbation of the court in which he exercises his duties, name as many deputies as he thinks fit, but he remains responsible for them, and they must, before entering on their duties, take an oath before the parish or district judge, to perform faithfully the duties required by law from the sheriffs by whom they are named.

"This appointment and oath shall be entered on the records of the court.

"Nevertheless, such deputies shall be subject to fine and imprisonment, or either, for delinquency of duty, as provided by special laws."

The power of appointment, above granted, is restricted by Act 213 of 1912, as it is required by that act that, after a certain number are appointed, no more may be appointed without proof of the necessity for their appointment.

[4] While from the above it appears that the deputy appointed is under the sheriff's general directions, and that the latter is responsible for the deputy's conduct, yet it also appears that the deputy is responsible to the state, under whose authority he is appointed, being criminally responsible for his delinquencies in office, and that he is required to take an oath before discharging his duties, and is authorized to discharge the duties required by law of the sheriff, who, with the sanction of the judge, appointed him. Hence he is a public officer. Mechem, Public Officers, p. 17, § 38. As his office is one created by the Legislature, he is, within the purview of Act No. 11 of 1882, an officer of this state.

[5] Hence, as a deputy sheriff is an officer of the state, it is sufficient to constitute the offense that he be illegally resisted, opposed, or assaulted while serving or executing the process or orders of a court, or while attempting to serve or execute them, and it is not necessary that he be assaulted and beaten or wounded to constitute it. Such being the case, defendant's exception to the general charge must be overruled; and, as each one of the special charges contains an instruction that the jury should acquit defendant unless they should find that he assaulted and beat or wounded Deputy Sheriff Mar-

kins, the trial judge did not err in refusing them.

In overruling the above bill of exceptions, we have not overlooked the fact that it contains an exception to the charge of the judge, based on the ground that the charge is vague and misleading.

This exception, which is of a very general nature, does not appear to be discussed in the brief. We have, however, read the charge carefully, and do not find it vague and misleading.

The jury, after deliberating, returned into court and rendered, as appears from the minutes of court, the following verdict: "Guilty as charge, at mercy of court." Defendant insists very earnestly that the verdict, as written on the back of the information, reads: "Guilty of charge at mercy of court." He expresses the view that the bill of information charges four offenses, instead of one, and that it is therefore impossible to say to which one of the four charges the verdict of "guilty of charge" refers. Therefore, concluding that the verdict was ambiguous, he filed a motion for a new trial setting forth a state of facts, which he urges the jury found, and intended to reflect by the verdict he contends was rendered, and then alleges that by said verdict the jury intended to find him guilty only of "resisting arrest," and not guilty of assaulting or beating or wounding the deputy sheriff, and that, as a deputy sheriff is not a state officer, the jury, in order to convict, should have found that he assaulted and beat or wounded the deputy, which they did not find.

Defendant then offered one of the jurors as a witness in support of his motion for a new trial, not for the purpose, he contends, of impeaching the verdict, but of explaining it. The state objected to the swearing of the juror as a witness in support of the motion. The objection was maintained, and in due course the motion for a new trial was overruled.

[6, 7] The original bill of information, upon which the foreman of the jury wrote and signed the verdict, has been, with the consent of counsel on both sides, forwarded to us to be examined. An inspection of it shows clearly, in our view, that the verdict of the jury reads, not as contended by learned counsel for the defendant, but, "Guilty as charge at mercy of court." This is as the clerk recorded it on the minutes of court, except that he inserted, in recording it, a comma after the word "charge." Therefore, whatever difference, if any, a verdict of "Guilty of charge at mercy of court" would have made in the determination of this case, that difference is virtually disposed of by the finding that no such verdict was rendered and recorded, there being no contention that the verdict was written with the word "as" before "charge," when it was intended to write the word "of" instead. But, if it be said, in effect, that there is such a contention, still we think that a verdict of "Guilty of charge at mercy of court" would have been responsive and readily understood. The bill of information contains but one count and one charge. The different acts set up in it, which defendant contends show distinct offenses, are but ingredients of the same offense, the doing of any one of which would constitute the one offense charged. Therefore the verdict of guilty of charge on such a bill would be readily understood as a verdict finding the accused guilty of the single charge preferred against him in the bill of information. It would be as clear, under the circumstances, as would the usual verdict of guilty as charged, which has been repeatedly approved. The addition of the words "at the mercy of the court" to such a verdict, had it been rendered, would not have rendered the verdict uncertain, for they manifestly mean, in the connection in

which they are said to have been used, that, while the jury find the accused guilty of the charge preferred against him, yet they recommend him to the mercy of the court.

[8] Considering the verdict as it was in reality written, rendered, and recorded, it is noticeable at once that the verdict reads "guilty as charge" instead of "guilty as charged," and the question presents itself whether the use of the word "charge" instead of "charged" renders the verdict uncertain. We think not. It is obvious that the foreman of the jury in writing the word "charged" omitted the letter "d." The intention of the jury is still readily understood from the verdict, and is not left in doubt. Even though "the verdict is informal and contains inaccuracies in the language used, if the intention of the jury to return a verdict of guilty or not guilty of the offense charged may be understood readily it is sufficient." 16 C. J. p. 1101, § 2585. "The misuse of words or errors in spelling or grammar will not vitiate a verdict if its meaning is clear." 16 C. J. p. 1101, § 2583. Thus, in this state, a verdict of "We, the jurors, find the acues gilty of manslator," was held intelligible, and therefore sufficient. State v. Blue, 134 La. 561, 64 South. 411. And, under the same rule, verdicts in this state of "Guilty of mansluder," "Guilty withoit capital purnish," "Guilty of burgurly," "Guilty of an assault by suting with intend to murder," "We, the jury, find the prisoner as guilty as charged," "Guilty as charged in both accounts," have each been held to be intelligible and responsive, and therefore sufficient. State v. Blue, supra; Marr's Criminal Jurisprudence, § 467. The addition of the words, "at the mercy of the court," as already stated, does not detract from the certainty of the verdict.

[9] Therefore, whether the verdict be read either as recorded, or as defendant contends it should have been recorded, still, in our view, it conveys the same meaning, and is a verdict that is readily understood, is responsive, and therefore is a legal verdict. Such being the case, and assuming that it is permissible under certain circumstances for a juror to take the witness stand, after the discharge of the jury, to show what the verdict really was, still there existed no reason in this case for such an inquiry, and, if such was, in part, defendant's purpose, the court did not err in refusing to permit the juror to be sworn for that purpose. Nor did the court err in refusing to let the juror be sworn for the purpose of showing the particular facts found by the jury in order to explain the verdict or show why they rendered a verdict in the words that defendant contends were used, or even in those that were actually used; for, beyond what has been said in this connection, verdicts of juries cannot be explained in such a manner. 16 C. J. p. 1239.

Defendant also filed a motion in arrest of judgment in which he reiterates his contention that a deputy sheriff is not an officer of the state, and also his contention as to the form and uncertainty of the verdict. We have disposed of those questions, and therefore it is unnecessary to again consider them.

While no bills have been presented to us, and no errors assigned, which, under the law, would justify us in setting the verdict aside, and while the evidence touching the guilt of the defendant is not before us, and, even if it were, we could not consider it, still counsel for defendant has so earnestly insisted, in presenting his case, that his client was convicted upon the facts substantially as outlined in paragraphs 1 to 8, inclusive, of the motion for a new trial, that we have concluded, if counsel be correct in this, to recommend to the board of pardons, of which the trial judge is a member, and to the Governor that defendant be pardoned. We have deemed it proper to make such recommendations in other instances, and do so in this,

for the reason that, if counsel for defendant is correct in his statement of the facts, we hardly think that those facts justified a verdict of guilty.

For the reasons assigned, it is ordered, adjudged, and decreed that the verdict and sentence appealed from be affirmed.

O'NIELL, J., dissents.