159 So. 594

STATE ex rel. PORTERIE, Atty. Gen., et al. v. JONES, District Judge, et al.

No. 33273.

Feb. 7, 1935.

Gaston L. Porterie, Atty. Gen., and Geo. M. Wallace, Asst. Atty. Gen., for relators.

Borron, Owen & Borron, Ashton L. Stewart, W. G. Randolph, and J. O. Bouanchaud, all of Baton Rouge, for respondents.

LAND, Justice.

The Legislature, by Act No. 27 of the Third Extraordinary Session of 1934, approved December 22, 1934, amended and re-enacted section 3542 of the Revised Statutes of this state, so as to provide the method of appointment of deputy sheriffs throughout the state, and repealed all laws or parts of laws in conflict with Act No. 27, especially Act No. 27 of 1902, Act No. 260 of 1926, Act No. 114 of 1932, and article 764 of the Code of Practice.

Under section 3542 of the Revised Statutes, as amended by Act No. 27 of 1934 (3d Ex.

Sess.), the sheriff of East Baton Rouge is authorized to appoint as many deputies as may be deemed necessary or as may be authorized by law, when authorized to do so by, and with the approval of, the superintendent of the bureau of criminal identification and investigation.

Relators allege that, pursuant to Act No. 27 of 1934 (3d Ex. Sess.), respondent sheriff submitted, on January 8, 1935, to the superintendent of the bureau of criminal identification and investigation a list of thirteen names for his approval as deputy sheriffs for the parish of East Baton Rouge; that on the same day, January 8, 1935, the superintendent approved six of the names, and that on January 18, 1935, he approved two additional names, but notified respondent sheriff that he had decided not to approve the remaining five names on the original list of thirteen names submitted, and requested that respondent sheriff submit an additional list of five or more names for consideration; that the following names of the thirteen submitted by respondent sheriff to the superintendent were not approved: G. B. Cooke, G. L. Sides, J. A. Crowell, A. R. Singleton, and T. S. McVea.

Relators allege that on January 14, 1935, in utter disregard of the provisions of Act No. 27 of 1934 (3d Ex. Sess.), and without awaiting or requesting further action by the superintendent, respondent sheriff presented to respondent judge a petition authorizing and empowering him as sheriff "to name and appoint such reasonable number of qualified deputy sheriffs as may be necessary or required to efficiently execute and perform the duties and functions of his office of Civil and Criminal Sheriff and Ex-Officio Tax Collector of the Parish of East Baton Rouge, La., and to preserve the peace and quiet of the people of this Parish and to protect them in their lives and property all as is required by law."

Relators attack the order rendered by respondent judge as null, void, and without force and effect upon the following grounds:

(1) That there is no authority in the sheriff to appoint deputy sheriffs, except as is provided in section 3542 of the Revised Statutes of Louisiana, as amended by Act No. 27 of the Third Extraordinary Session of 1934, approved December 22, 1934.

(2) That therefore the sheriff was without a cause or right of action to institute the said petition.

(3) That respondent judge was without authority or jurisdiction to render the said order, for the reason that said judge is without authority either to appoint or to authorize the sheriff to appoint any deputy sheriff in any manner other than as provided in said section 3542 of the Revised Statutes, as amended by said Act No. 27.

(4) That the said order was rendered ex parte, and without notice or hearing, and particularly without notice or hearing to the superintendent of the bureau of criminal identification and investigation of the state of Louisiana, whose approval is required by law of the appointment of any deputy sheriff in said parish of East Baton Rouge.

(5) That the said order was rendered in violation of the prohibitory terms of section 3542 of the Revised Statutes, as amended by Act No. 27 of 1934 (3d Ex. Sess.), and is therefore null and void.

Relators further allege that, acting under the pretended authority of said order dated January 14, 1935, of said respondent judge, respondent sheriff has appointed as deputy sheriffs of the parish of East Baton Rouge G. B. Cooke, G. L. Sides, J. A. Crowell, A. R. Singleton, and T. S. McVea, whom the superintendent of the bureau of criminal identification and investigation had refused to approve, and that they have attempted to qualify as such by taking the oath of office on January 14, 1935, and that respondent sheriff has likewise appointed under said order F. C. Parker, Jr., as deputy sheriff of East Baton Rouge, and that he has attempted to qualify as such by taking the oath of office.

Relators show that said persons are now exercising the functions of deputy sheriffs in the parish of East Baton Rouge, in utter violation of section 3542 of the Revised Statutes, as amended by Act No. 27 of 1934 (3d Ex. Sess.).

Relators finally aver that respondent sheriff has failed and refused, and continues to fail and refuse, to submit a list of persons from whom the necessary number of persons, as deputies, may be selected and approved by the superintendent of the bureau of criminal identification and investigation, so as to comply with said law.

Relators pray for a writ of certiorari directed to respondent judge so that the propriety, legality, and regularity of the proceedings in the court below may be inquired into; that a writ of prohibition issue to respondent judge and sheriff prohibiting them from proceeding further in the matter of the appointment of deputy sheriffs for the parish of East Baton Rouge, except as provided in Act No. 27 of 1934 (3d Ex. Sess.); that writs of mandamus be directed to respondent judge ordering and compelling him to suspend and stay the order of January 14, 1935, and to respondent sheriff commanding him to submit, in accordance with law, to the superintendent of the bureau of criminal identification and investigation, a list of persons from whom the necessary deputy sheriffs for his office may be approved and selected.

And relators finally pray for the perpetuation of the writs issued, and for judgment annulling and setting aside all orders and proceedings taken and issued in the court below, and ordering respondent judge to dismiss the application for the appointment of deputies.

Act No. 27 of 1934 (3d Ex. Sess.) is entitled: "An Act To amend and re-enact Section 3542 of the Revised Statutes of Louisiana of 1870, relative to deputy sheriffs, to repeal all laws or parts of law in conflict herewith; and to provide penalties for the violation of this Act.

"Section 1. Be it enacted by the Legislature of Louisiana, That Section 3542 of the Revised Statutes of Louisiana of 1870 be and the same is hereby amended and re-enacted so as to read as follows: '

" 'Section 3542. When authorized to do so by, and with the approval of, the Superintendent of the Bureau of Criminal Identification and Investigation, the Sheriff of each parish, and the Criminal Sheriff and the Civil Sheriff of the Parish of Orleans, is authorized to appoint as many deputies as may be deemed necessary or as may be authorized by law, who shall be sworn in by any officer vested with the power of administering oaths. Provided except in the parishes of East Baton

Rouge and Orleans, that it shall be required of and mandatory on the Bureau of Criminal Identification and Investigation to approve any five deputy sheriffs submitted by each criminal or civil sheriff of any parish immediately on request for the same by said sheriff on due authority."

Then follows the penalty for the violation of the act.

The letter of respondent sheriff, of date January 8, 1935, addressed to the superintendent, is as follows:

"Dear Sir:

"As required by Act 27 of the Third Extra Session of 1934, I hereby submit list of Deputy Sheriffs of the Parish of East Baton Rouge for your approval."

Then follow the thirteen names of the deputies submitted and the signature of respondent sheriff.

On January 14, 1935, respondent sheriff filed in the district court of East Baton Rouge a purely ex parte proceeding, and, without attacking the constitutionality of Act No. 27 of 1934 (3d Ex. Sess.), or praying that same be declared unconstitutional, obtained an order from respondent judge empowering him to name and appoint such reasonable number of qualified deputy sheriffs as may be necessary or required to perform the duties of his office.

The superintendent of the bureau of criminal identification and investigation, whose approval of the deputies to be appointed is specificallly required by Act No. 27 of 1934 (3d Ex. Sess.), was not made a party to this unusual and one-sided proceeding.

It is to be observed, at the very outset, that, notwithstanding the manifold duties set forth in the petition of respondent sheriff, in order to have respondent judge appoint the necessary deputies to efficiently execute and perform the duties of his office, respondent sheriff requested the superintendent to approve only thirteen deputies, eight of whom were approved; and, as a matter of fact, respondent sheriff appointed only six additional deputies under the order of the court, notwithstanding "the grave emergency" alleged to exist in the parish of East Baton Rouge, "threatening the peace and quiet of the people of this Parish and endangering their lives and property," etc.

The keynote of respondent's petition to respondent judge is found in the single allegation that the superintendent of the bureau of criminal identification and investigation had refused to approve the whole list of the thirteen deputies whose names had been submitted to him, by rejecting five names.

Respondent judge granted the order in this case upon a purely ex parte petition or application of respondent sheriff, without citation or notice to the superintendent of the bureau of criminal identification and investigation, or to any of the other relators, and without opportunity to deny the allegations of the petition, or to be heard at all as to the law and the facts of the case.

And respondent sheriff, under this ex parte order of the court, appointed all of the deputies whom the superintendent of the bureau of criminal identification and investigation had previously refused to approve, and that too without respondent judge declaring Act

No. 27 of 1934 (3d Ex. Sess.) unconstitutional.

■ A state officer is one created by the Legislature or established by the Constitution. A deputy sheriff is a state officer created by the Legislature, as his appointment is provided for by section 3542 of the Revised Statutes and article 764 of the Code of Practice, and the "Legislature may provide the mode of filling all offices created by it." Const. 1921, art. 5, § 11; State v. Titus, 152 La. 1011, 95 So. 106; State v. Taylor, 44 La. Ann. 783, 11 So. 132; State v. Rogers, 138 La. 867, 70 So. 863.

■■ Article 764 of the Code of Practice provides that: "Every sheriff may, with the approbation of the court in which he exercises his duties, name as many deputies as he thinks fit."

Article 764 of the Code of Practice was the only authority that judges of district courts ever had to authorize the appointment of deputy sheriffs, and is expressly repealed by Act No. 27 of 1934 (3d Ex. Sess.), which requires the approval of the appointment of deputy sheriffs by the superintendent of the bureau of criminal identification and investigation of the state of Louisiana.

Act No. 27 of 1934 (3d Ex. Sess.) is a prohibitory law, and declares it to be a misdemeanor, punishable by fine of not less than $100 nor more than $500, and by imprisonment of not less than one month nor more than six months in the parish jail, upon the conviction of "any person who performs any act whatsoever while claiming to act as a deputy sheriff, or who claims to act as a deputy sheriff, or who accepts any appointment as a deputy sheriff not made in accordance with this Act, and who has not been appointed deputy sheriff as provided herein, or any sheriff who shall appoint any deputy sheriff except as herein provided."

It is clear that Act No. 27 of 1934 (3d Ex. Sess.) took away from the district judges of this state the authority to approve the appointment of deputy sheriffs and conferred that authority exclusively upon the superintendent of the bureau of criminal identification and investigation of this state.

The district judges of this state have never had any inherent right to appoint deputy sheriffs. That right has been conferred upon them solely by statute.

It follows, therefore, that the ex parte order signed by respondent judge in this case authorizing respondent sheriff to appoint deputy sheriffs, in violation of the provisions of Act No. 27 of 1934 (3d Ex. Sess.), a prohibitory and penal statute, was illegal, null, and void, and was granted without right, authority, or jurisdiction upon the part of respondent judge, as no district judge in this state has the inherent power to authorize a sheriff to violate a statute of the state, by appointing deputy sheriffs contrary to its provisions, which declare the offender to be guilty of a misdemeanor.

■ As the order complained of by relators was not only ex parte, but was null and void and of no effect, relators had the right to attack this order at any time and in any proceeding, and without first applying to respondent judge for its rescission.

■ Nor, in our opinion, was respondent judge justified in granting this order because

of the alleged emergency of the case. If any grave emergency existed in the parish of East Baton Rouge, threatening the peace and quiet of the people of that parish and endangering their lives and property, it is manifest that the appointment of six deputy sheriffs under the order, in addition to the eight deputy sheriffs approved by the superintendent of the bureau of criminal identification and investigation, was not an adequate force to cope with the situation.

■ Respondent sheriff did not attack the constitutionality of the act, Act No. 27 of 1934 (3d Ex. Sess.), in applying for the order authorizing him to appoint these deputy sheriffs; nor can the constitutionality of this act be raised, for the first time, in this court. State ex rel. Curtis v. Ross, 144 La. 898, 81 So. 386; State ex rel. People's Fire Ins. Co. of New Orleans v. Michel, 125 La. 55, 51 So. 66; Waggner et al. v. Police Jury of Parish of Jefferson, 125 La. 863, 51 So. 1016.

■ Legislative acts are entitled to great respect, and are presumed to be constitutional. To destroy this presumption, they must be shown manifestly to violate the organic law. City of New Orleans v. Robira, 42 La. Ann. 1098, 8 So. 402, 11 L. R. A. 141; State v. Ross, 125 La. 462, 51 So. 496, 26 L. R. A. (N. S.) 821; Duffy v. New Orleans, 49 La. Ann. 114, 21 So. 179; State ex rel. Fortier v. Capdevielle, 104 La. 561, 29 So. 215.

■ Until an act of the Legislature is declared unconstitutional by the final decisions of the courts, its provisions must be respected and obeyed.

It is therefore ordered that the order of January 14, 1935, of the Honorable W. Carruth Jones, judge of the Nineteenth judicial district court, authorizing Robert L. Pettit, sheriff of the parish of East Baton Rouge, to appoint deputy sheriffs for that parish, be, and is hereby, decreed illegal, null, and void, and is hereby annulled, avoided, and set aside.

It is further ordered that writs of prohibition issue to respondent judge, the Honorable W. Carruth Jones, and to Robert L. Pettit, respondent sheriff, prohibiting them, and each of them, from proceeding further in the matter of appointment of deputy sheriffs for the parish of East Baton Rouge under said order, and that said writs of prohibition be, and are hereby, perpetuated.

It is further ordered that all orders and proceedings taken and issued in the court below be annulled and set aside, and that the application of Robert L. Pettit, respondent sheriff, for the appointment of deputy sheriffs for the parish of East Baton Rouge, be, and is hereby, dismissed at his cost.

O'NIELL, C. J., concurs in the ruling that Act No. 27 of the Third Extra Session of 1934 should have been complied with by the sheriff, so long as he did not question the constitutionality of the statute by a judicial proceeding against the bureau of criminal identification and investigation, and especially after the sheriff had in fact complied with the statute by submitting to the superintendent of the bureau, for his approval, the names of those whom the sheriff proposed to appoint as deputies. The case of State v. City of New Orleans, 149 La. 788, 90 So. 196, and other cases cited by the respondents in this proceeding, to the effect that the supervisory

jurisdiction of this court will not be exercised unless the complainant has exhausted his remedies by complaining to the court below, are cases where the complainant was a party to the proceedings in the court below, and are therefore distinguished from the present case. The CHIEF JUSTICE, therefore, though not concurring in all that is said in the majority opinion or decree rendered in this case, concurs in the decree so far as it annuls the order granted by Judge Jones on the 14th of January, 1935.

ROGERS, J., for the reasons stated by the CHIEF JUSTICE, concurs in the decree so far as it annuls the order of the judge of the district court.