357 So.2d 505 (1978)
STATE of Louisiana
v.
Louis SMITH and James Campbell.
No. 60720.
Supreme Court of Louisiana.
April 10, 1978.
C. Frank Holthaus, Baton Rouge, for defendants-relators.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph Roy, Marilyn Castle, Asst. Dist. Attys., for plaintiff-respondent.
DIXON, Justice.
Louis Smith and James Campbell, employees of Community Advancement, Inc. (CAI hereafter), were indicted for malfeasance in office, in violation of R.S. 14:134(1) and (2). The indictment specifically alleged that defendants "intentionally failed and refused to perform duties lawfully required of them being public officers & employees, by authorizing and approving the payment of traveling expenses of employees of Community Advancement, Inc. without verifying said expenses when in fact, such expenses *506 were not warranted nor due . ."
Defendants filed motions to quash the indictment, alleging, among other things, that defendants are not "public officers" or "public employees" within the contemplation of R.S. 14:134, and, alternatively, if defendants are covered by the statute, that it is unconstitutionally vague. Upon defendant Louis Smith's application for supervisory jurisdiction from the trial court's denial of the motion to quash, we granted writs. 351 So.2d 1214 (La.1977). Due to our treatment of defendant's first assignment of error, we pretermit comment on the alleged unconstitutionality of R.S. 14:134, which provides:
"Malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful manner; or
(3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
. . ." (Emphasis added).
The terms "public officer" and "public employee" are defined in R.S. 14:2(9) as follows:
"`Public officer,' `public office,' `public employee' or `position of public authority' means and applies to any executive, ministerial, administrative, judicial, or legislative officer, office, employee or position of authority respectively, of the state of Louisiana or any parish, municipality, district, or other political subdivision thereof, or of any agency, board, commission, department or institution of said state, parish, municipality, district, or other political subdivision."
In order for defendant to be affected by the provisions of R.S. 14:134, he must be a "public employee," which the statute defines as an "employee . . . of any agency . . . of said state, . . ." "Whatever is not plainly within the provisions of a penal statute must be regarded as without its intendment." State v. Dardar, 257 La. 191, 241 So.2d 905, 908 (1970).
CAI was formed in 1965 as a private nonprofit corporation under the authority of Title 12 of the Revised Statutes. Articles of incorporation were executed and filed with the Secretary of State, wherein the corporate objects and purposes were described as:
"The promotion and development of economic opportunity in the Parish of East Baton Rouge and the State of Louisiana; the provision of services, directly and indirectly, to those in need of increased economic opportunity; to promote the education and welfare of the people of East Baton Rouge Parish and State of Louisiana; to mobilize such human and financial resources as may be available to combat poverty and economic instability in East Baton Rouge Parish and the State of Louisiana; and to avail itself and the community of the benefits conferred by Public Law 88-452, 78 Stat. 508, as the same may from time to time be amended and supplemented by other statutes and by appropriate rules and regulations of any administrative body."
The Economic Opportunity Act, of which CAI intended to avail itself, Public Law 88-452, 78 Stat. 508, 42 U.S.C. § 2781, et seq., authorizes federal financial assistance for community action programs developed and conducted at the community level to combat poverty. The statute requires that:
"(a) A community action agency shall be a State or political subdivision of a State (having elected or duly appointed governing officials), or a combination of such political subdivisions, or a public or private nonprofit agency or organization which has been designated by a State or such a political subdivision or combination of such subdivisions, which 
(1) has the power and authority and will perform the functions set forth in section 2795 of this title, including the power to *507 enter into contracts with public and private nonprofit agencies and organizations to assist in fulfilling the purposes of this subchapter, and
(2) is determined to be capable of planning, conducting, administering and evaluating a community action program and is currently designated as a community action agency by the Director.
. . ." 42 U.S.C. § 2790(a). (Emphasis added).
Although the statute recognizes that a public entity could perform the intended functions, it also contemplates the performance of those functions by a private nonprofit organization. By resolution of the City-Parish Council of East Baton Rouge, CAI was designated as a community action agency. It was stipulated that CAI received funds from several federal agencies, state agencies and the local government to operate approximately thirty antipoverty programs. In a number of cases, funds received by CAI from the local government are not local funds, but rather federal funds passed from the federal government through the local government to CAI.
The State argues that since CAI's sole function was the disbursement of public monies and was designated by the City-Parish government for that purpose, it was an "agency" of the parish. Clearly CAI had to comply with the provisions of the federal statute in order to qualify for federal funds, such as conducting public hearings and providing access to its books and records, 42 U.S.C. § 2796(a), following the rules and regulations of the Director of the Office of Economic Opportunity, Id. § 2796(b), and electing a board of directors, one-third of which were elected public officials or their representatives, Id. § 2791(b). We do not agree, however, that these factors necessitate a finding that CAI was an "agency" of the Parish of East Baton Rouge or of the State.
The courts of this State have been confronted with the question of whether a certain entity was a state office or agency, or a certain individual a state or public officer, in many instances. For example, it has been determined that police jurors are state and public officers, State v. Melerine, 236 La. 881, 109 So.2d 454 (1959); the Board of Commissioners of the Port of New Orleans is a state agency, Miller v. Board of Com'rs of Port of New Orleans, 199 La. 1071, 7 So.2d 355 (1942); State ex rel. Tallant v. Board of Com'rs of the Port of New Orleans, 161 La. 361, 108 So. 770 (1926); the Louisiana Highway Commission is a state agency, Jarnagin v. Louisiana Highway Commission, 5 So.2d 660 (La.App. 2d Cir. 1942); a parish school board is a state agency, State ex rel. Golson v. Winn Parish Sch. Bd., 9 So.2d 342 (La.App. 2d Cir. 1942); Andrews v. Claiborne Parish Sch. Bd., 189 So. 355 (La.App. 2d Cir. 1939); a member of the State Central Committee of a political party is a public and state officer, State ex rel. Tuttle v. Republican State Central Committee, 192 So. 740 (La.App. 1st Cir. 1939), and a deputy sheriff is a state officer, State ex rel. Porterie v. Jones, 181 La. 390, 159 So. 594 (1935); State v. Titus, 152 La. 1011, 95 So. 106 (1922). The following factors were considered in finding an entity to be a state or public agency or an individual a state or public officer: (1) the entity was created by the legislature, State ex rel. Golson v. Winn Parish Sch. Bd., supra; (2) the powers were specifically defined by the legislature, State v. Melerine, supra; (3) the property of the entity belonged to the public, State ex rel. Tallant v. Board of Com'rs, supra; and (4) the entity's functions were exclusively of a public character and performed solely for the public benefit, Andrews v. Claiborne Parish Sch. Bd., supra.
A consistent theme running throughout these cases is that the entity was created by the legislature or established in the first instance by the Constitution. See State ex rel. Porterie v. Jones, supra, at 399, 159 So. at 597; State v. Titus, supra, at 1015, 95 So. at 107. CAI, on the other hand, was established by corporate charter, in compliance with state law, but was not created by special act of the legislature or by resolution of the City-Parish Council. Absent a more specific provision in the malfeasance statute, it would not be reasonable to consider *508 that it covers officers and employees of all corporations formed pursuant to general statutory authority. Except for the receipt of certain public funds for certain purposes, CAI did not differ from other private nonprofit corporations. The relationship CAI had with the East Baton Rouge Parish government was one of contract. The presence of public funds flowing through this private nonprofit corporation was not enough to transform it into an agency of the parish.
Our attention has been directed to the Reporter's Comment to R.S. 14:2(9) defining "public officer" and "public employee" which stated:
"These terms have been defined in a very broad and inclusive manner. By so doing, it has been possible to avoid the lengthy enumerations presently used in stating the scope of a number of offenses. . ."
We do not interpret this to mean that the statutes defining criminal behavior by public officers or employees should have a broad construction. The "broad and inclusive manner" with which the terms have been defined do not have the effect of bringing defendants within their sweep; those who are not clearly included by the terms of a criminal statute are excluded.
Hence, we conclude that CAI was not a state or parish agency and, therefore, defendants were not "public officers" or "public employees" within the purview of R.S. 14:134. Thus, the trial court erred in denying defendants' motions to quash.
For the foregoing reasons, the trial judge's ruling denying defendants' motions to quash is reversed and the motion to quash is sustained.
SUMMERS, J., dissents.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I consider that defendants are employees of an agency (Community Advancement, Inc.) of a political subdivision (Parish of East Baton Rouge) of the state (Louisiana). Hence, they are public employees as defined in La.R.S. 14:2(9) and as such are subject to prosecution for malfeasance in office under La.R.S. 14:134. Accordingly, I respectfully dissent.