Dear President Jenkins:
Your request for an opinion has been referred to me for a response. Specifically you ask about the applicability and effect of LSA-R.S. 17:3390, a statute that authorizes the creation of certain private nonprofit entities. Your request was prompted by jurisprudence that applies four factors unrelated to LSA-R.S.17:3390 to certain entities to determine if they are public or private.
LSA-R.S. 17:3390 permits the creation of alumni associations, foundations, and other private nonprofit organizations that raise private funds for the support of institutions of higher education. The legislation specifically states that such an entity "shall be a private entity that shall not be deemed to be a public or quasipublic corporation or an administrative unit, public servant, employee, or agent of any institution of higher education for any purpose whatsoever" if it meets certain criteria listed in the statute. LSA-R.S. 17:3390(B). The receipt, investment, or expenditure of public funds shall not prevent the entity from maintaining its private status, though records that directly pertain to such public funds shall be subject to the Public Records Law. No other records of the entity shall be subject to the Public Records law. LSA-R.S. 17:3390(C).
You refer in your opinion request to certain cases that apply four factors unrelated to LSA-R.S. 17:3390(C) to determine whether an entity is to be considered public or private. In State v. Smith,357 So.2d 505 (1978), the Louisiana Supreme Court examined a community action agency and determined it was not a state or parish agency and that its employees were therefore not public officers or public employees for purposes of the crime of malfeasance in office. The court applied the following four factors to determine if the entity should be considered public or private: creation of the corporation by name by the legislature; whether its powers were specifically defined by the legislature; whether the property of the entity belonged to the public; and whether its functions were exclusively of a public character and performed solely for public benefit.
You refer to several other cases in your opinion request. In Polkv. Edwards, 626 So.2d 1128 (1993) the court applied the same four factors to determine the public or private character of the Casino Corporation and determined it to be an instrumentality of the state. In LIGA v. Commission on Ethics For Public Employees,
95 0021 (La.App. 1st Cir. 5/5/95); 656 So.2d 670 the court applied the same four factors and held that the Louisiana Insurance Guaranty Association was a state or public agency within the contemplation of the Ethics Code.
The jurisprudence has created the above four factors to assist it in determining the public or private character of a great variety of entities for the application of a great variety of statutory law. The test is fact sensitive and appropriately analyzed in a specific factual/legal context. With regard to the Ethics Code, the Ethics Commission has the authority to administer and enforce the Code. This office would, therefore, reserve its opinion concerning the application of the Ethics Code.
The jurisprudentially created four factor test referred to above has been applied to a variety of different entities to discern their nature as public or private. However, the test has never been applied to entities envisioned by LSA-R.S. 17:3390, i.e., alumni associations, foundations and other private nonprofit organizations that raise private funds for the support of public institutions of higher education. Such entities whose principal purpose is to support one or more programs, facilities, or research or educational opportunities offered by public institutions of higher education are defined by law to be private entities, if they exhibit three criteria listed in the statute. These criteria are: the majority of the voting members of the corporation's board of directors are not members or employees of a higher education management board; the corporation is under the management and control of a board of directors elected by the contributing members or shareholders of the corporation; the corporation reimburses, either directly or through in-kind services, the cost of housing, personnel, which personnel shall remain public servants for all purposes, and other support furnished to the corporation by any institution of higher education.
If the public or private nature of such an entity is an issue in litigation, the court should apply the above test stated in the statute. If the entity conforms to the statutory criteria, it should, in addition to being "private" under LSA-R.S. 17:3390, have little difficulty in being considered to be private under the jurisprudentially created four factor test. It would not be specifically created by name by law and its property does not belong to the public. Moreover, its powers are only generally defined by the legislature. While such entities would function for a public benefit, that is the only criteria of the four that it would appear to fulfill.
In sum, the public or private nature of entities created under LSA-R.S. 17:3390 should be determined by application of the relevant criteria contained in that statute.
It trust the above responds to your request,
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ JAMES C. HRDLICKA Assistant Attorney General
RPI/JCH/sfj