Dear Ms. Boyance:
You requested the opinion of this office concerning whether the St. Martin, Iberia, Lafayette Community Action Agency, Inc. ("SMILE") is required to obtain State Bond Commission approval prior to incurring any debt. You advised that the SMILE audit for the period ending May, 2000 contained a finding because SMILE did not comply with R.S. 39:1410.60, et seq.
You furnished this office with a copy of the Amendment and Restatement of the Articles of Incorporation of SMILE, which was filed with the Secretary of State on September 13, 2000. The Amendment states that the corporation is a non-profit corporation. SMILE is listed by the Secretary of State as a non-profit corporation.
R.S. 23:62 defines "community action agency" to mean "a public agency or private nonprofit corporation having authority under its charter or bylaws, or both, to administer community action programs, which has been designated as a community action agency by the parish governing authority." (Emphasis added) R.S.23:64.1(E) provides that an "entity designated as a community action agency shall be considered a private, nonprofitorganization unless it establishes otherwise by October 1, 1994 or upon its initial designation if such occurs after such date." (Emphasis added) We do understand that for certain purposes, including audits, community action agencies may be considered a quasi-public agency or body. See R.S. 24:513.
In State v. Smith, 357 So.2d 505 (La. 1978), the Louisiana Supreme Court was called upon to determine whether Community Advancement, Inc., a community action agency, was a state, or public, agency. This Court identified several factors that should be used in determining whether or not an entity should be so classified. Those factors were the following: (1) the entity was created by the Legislature; (2) the powers were specifically defined by the Legislature; (3) the property of the entity belonged to the public; and (4) the entity's functions were exclusively of a public character and performed solely for the public benefit. InSmith, the court noted that a continuing theme running through the jurisprudence which had previously addressed this issue was that entities which were classified as state agencies were either created by the Legislature or established by the Constitution. Consequently, the court declined to hold that Community Advancement, Inc. was a state agency. See also, Bankston v.Board of Ethics for Elected Officials, 98_0189 (La. 6/22/98),715 So.2d 1181.
Article VII, Section 8 of the Louisiana Constitution prohibits the issuance or sale of bonds by the state, any state board, agency, or commission, or by any political subdivision of the state unless prior written approval of the state bond commission is obtained.
R.S. 39:1410.60 pertains to the authority of the State Bond Commission, and provides in pertinent part as follows:
 A. No parish, municipality, public board, political or public corporation, subdivision, or taxing district, and no road or subroad district, school district, sewerage district, drainage or subdrainage district, levee district, waterworks or subwaterworks district, irrigation district, road lighting district, harbor and terminal district, or any other political subdivision, taxing district, political or public corporation, created under or by the constitution and laws of the state shall have authority to borrow money, incur debt, or to issue bonds, or other evidences of debt, or to levy taxes, or to pledge uncollected taxes or revenues for the payment thereof, where they are authorized by the constitution or laws of the state so to do, without the consent and approval of the State Bond Commission. (Emphasis added)
The emphasized portion of the foregoing paragraph does not include a non-profit corporation. R.S. 39:1410.65 further clarifies the provisions of R.S. 39:1410.60, et seq., by stating that these statutes apply to "any such governmental agency named in R.S.39:1410.60".
In Op.Atty.Gen. No. 97_536, this office was asked whether a private non-profit corporation is required to obtain State Bond Commission approval prior to incurring indebtedness for a period of time to exceed ninety days. That opinion found that a private non-profit corporation created pursuant to Title 12 of the Louisiana Revised Statutes is not "any other political subdivision, taxing district, political or public corporation, created under or by the constitution and laws of the state" such that its taxable debt would require the approval of the State Bond Commission. This office further noted that pursuant to the provisions of R.S. 39:1405(B), State Bond Commission approval may be required for certain indebtedness of non-profit corporations, that provision being:
 "No person or entity, public or private, shall incur debt or issue evidences of indebtedness for the purpose of financing any project in the state of Louisiana, the interest upon which indebtedness or evidence thereof is exempt from federal income taxation under Section 103 of the Internal Revenue Code of 1954, without the consent and approval of the State Bond Commission. Any evidence of indebtedness incurred or issued in violation of this Section shall be null and void and no court of this state shall have jurisdiction to enforce the payment thereof pursuant to the provisions of R.S. 47:1806."
Accordingly, it is the opinion of this office that a community action agency which is created as a private non-profit corporation is not required to obtain approval of the State Bond Commission for the issuance of any debt, unless the provisions of R.S.39:1405, quoted above, apply.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
cc: State Bond Commission