Dear Col. Smith:
This office is in receipt of your request concerning an interpretation of Louisiana Act No. 714 of the 2006 Regular Session (LSA-R.S. 29:731.2) as it pertains to the American Red Cross. The issue regarding their concern is whether they are implicated by subsection C of the Act which targets "state or local agencies" providing disaster relief.
The Act, in pertinent part, provides as follows:
 Any state or local agency providing any form of disaster assistance to any person including but not limited to financial assistance, housing or shelter assistance, or emergency health care assistance in field hospitals or other structures used to provide emergency health service to evacuees, shall provide the personal identification information of such persons, if available, to the sheriff acting within his jurisdiction, upon general request by the sheriff.
The Louisiana Civil Code provides, "When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole." La. Civ. Code Art. 12. Although the Legislature declined to provide an exact definition of the phrase, "state or local agency", Louisiana statutory law, as well as jurisprudence, offers insight as to its meaning and scope.
In several instances, and for the purpose of each particular statute, the Legislature provides a definition of state agency. Under Title 49, "State Administration", LSA-R.S. 49:200(C) defines a state agency as, "any board, *Page 2 
commission, department, division, agency, office, or other entity within the executive, judicial, and legislative branches of state government." Likewise, LSA-R.S. 36:3(1), under Organization of Executive Branch of State Government, provides that an agency, "includes the boards, commissions, departments, agencies, offices, officers, and other instrumentalities . . . within the executive branch . . . as provided by this Title." Further, LSA-R.S. 42:1102 states that an agency, "means a department, office, division, agency, commission, board, committee, or other organizational unit of a governmental entity."
Our state courts, however, have evaluated such an entity based upon factors regarding the substance of the entity, rather than relying on a statement by the legislature categorizing the nature of the entity as non-public. For example, in Polk v. Edwards,626 So. 2d 1128, 1146 (La. 1993), the Supreme Court adopted the trial court's finding that the Casino Corporation was an, "agency, board, commission or instrumentality" of the state, notwithstanding a contrary characterization found within the Casino Act which had created the Casino Corporation. In La. Atty. Gen. Op. No. 02-0103, our office stated that in Polk, the court considered the Casino Corporation's powers and functions, as well as its interrelationship with the state, to determine that the Casino Corporation was an instrumentality of the state. La. Atty. Gen. Op. No. 02-0103.
Further, in Louisiana Insurance Guaranty Association v.Commission on Ethics for Public Employees, (La.App. 1 Cir. 5/5/95), 656 So. 2d 670, the court, relying upon State v.Smith, 357 So. 2d 505, 507 (La. 1978), listed the following factors to be considered in finding an entity to be a state or public agency:
 (1) the entity was created by the legislature;
 (2) the powers were specifically defined by the legislature;
 (3) the property of the entity belonged to the public; and
 (4) the entity's functions were exclusively of a public character and performed solely for the public benefit.
In Smith, the court noted that the continuing theme running through the jurisprudence which had previously addressed this issue was that entities which were classified as state agencies were either created by the Legislature or established by the Constitution. See also, Bankston v. Board of Ethics for ElectedOfficials, 98-0189 (La. 6/22/98), 715 So. 2d 1181; Mullins v.State, 387 So. 2d 1151, (La. 1980); La. Atty. Gen. Op. No. 02-0103; La. Atty. Gen. Op. No. 01-11.
While its functions are generally of a public character and performed for the public benefit, the American Red Cross was not created by the Legislature, nor is its powers defined therein. Further, the property of the entity does not belong to the state or its political subdivisions, but to the private nonprofit corporation itself. *Page 3 
According to its own website, www.RedCross.org, "The American Red Cross is an independent entity that is organized and exists as a nonprofit, tax-exempt, charitable institution pursuant to a charter granted to it by the United States Congress." This site goes on to state that, "despite this close relationship with the federal government, the American Red Cross is not a federal agency, nor does it receive federal funding on a regular basis to carry out its services and programs."
In a previous opinion, this office determined, "the Red Cross is not primarily funded by public funds, so that it could not be classified as a quasi-public body." La. Atty. Gen. Op. No. 77-120. Likewise, According to Joseph C. Becker, Senior Vice President of Preparedness and Response, the American Red Cross does not normally solicit nor receive governmental financial assistance in the management or operation of emergency shelter facilities.
Accordingly, as to Act No. 714 (LSA-R.S. 29:731.2), it is the opinion of this office that the American Red Cross should not be considered a "state or local agency".
We hope that this sufficiently answers your inquiries, but if we can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: __________________________
 CHARLES H. BRAUD, JR.
 Assistant Attorney General