Dear Mr. Myers:
Your request for an Attorney General's Opinion concerning the status of Louisiana Automobile Insurance Plan ("LAIP") as a "public" or "private" entity has been assigned to me for research and reply.
In La. Atty. Gen. Op. No. 07-0166, our office opined that LAIP and Property Insurance Association of Louisiana ("PIAL") were both "public bodies" for purposes of the Open Meetings Law. However, recently the Louisiana Supreme Court concluded that PIAL was a private entity in Property Insurance Association of Louisiana v.Theriot, 09-1152 (La. 3/16/10), 31 So.3d 1012. In light of this decision, you have asked our office to reconsider whether LAIP is a public or private entity.
The Louisiana Supreme Court has provided four factors for determining an entity's status as public or private: (1) whether the entity was created by the legislature, (2) whether its powers were specifically defined by the legislature, (3) whether the property of the entity belongs to the public, and (4) whether the entity's functions are exclusively of a public character and performed solely for the public benefit. Id. at 1014-15, citing State v.Smith, 357 So.2d 505 (La. 1978). All four factors must be present for a court to determine that an entity is public. Id.
In applying the factors and concluding that PIAL is a private entity, the Louisiana Supreme Court determined that: (1) PIAL was not created by the legislature; (2) the legislature specifically defined PIAL's powers; (3) as "assessments levied on private *Page 2 
insurance companies do not become public money simply because the assessments are guaranteed by state law, and because the receipt of public funds in payment of contractual fees for services does not make a contracting party public" (Id. at 1019), PIAL's property does not belong to the public; and (4) as some of PIAL's functions are performed for the benefit of member insurance companies, and thus their private stockholders, PIAL's functions are not exclusively of a public character and performed solely for a public benefit.
As your letter indicates, LAIP is similarly situated to PIAL. Both LAIP and PIAL are contained within Subpart 0 of Title 22, entitled "Rate Making Procedures and Organizations." As noted above, all four factors outlined by the Louisiana Supreme Court must be present in order for an entity to be considered public. The most notable similarities between the two entities, arguing against LAIP's classification as a public entity, are:
• The legislation authorizing LAIP is similar to the legislation authorizing PIAL in that the legislature did not use the term "create" when recognizing either entity's existence. See La.R.S. 22:1460 and 22:1475.
• Just as all fire insurance companies licensed to operate in Louisiana must belong to PIAL and pay levies to PIAL, all insurers writing insurance for commercial motor vehicle insurance, private passenger automobiles, or other motor vehicles in the state shall be members of LAIP and share in the administrative expenses for the operation of LAIP. See La.R.S. 22:1460 and La.R.S. 32:1043.
• LAIP, like PIAL, performs functions which benefit the public but also benefit its member insurance companies.
Based on the similarity between LAIP and PIAL, and the Louisiana Supreme Court's analysis and decision in the PIAL case, this office must reach the conclusion that LAIP is a private entity. To the extent that La. Atty. Gen. Op. No. 07-0166 provides differently, this office recalls that opinion.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By:__________________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB