(107 So. 514)

No. 27316.

**FELLOWS v. POLICE JURY of TANGIPA-HOA (STANDARD HIGHWAY CO., Inc., Intervener).**

**JUMONVILLE v. SAME.**

(March 1, 1926.)

*(Syllabus by Editorial Staff.)*

Courts ⬤⟾224(10)—Supreme Court has no jurisdiction of appeal in suit to enjoin police jury from interfering with members of board of road supervisors (Act No. 118 of 1921. [Ex. Sess.] §§ 7, 8; Const. 1921, art. 7, § 10).

As under Act No. 118 of 1921 (Ex. Sess.) §§ 7, 8, members of supervising boards of road districts are mere agents, serving without pay, and not charged with custody or disposal of any fund, $2,000, necessary under Const. 1921, art. 7, § 10, to give Supreme Court jurisdiction of appeal, is not involved on appeal from decree holding void ordinance of defendant police jury discharging plaintiffs from such board of supervisors, and enjoining defendant from interfering with plaintiffs in the discharge of their duties as such board members.

Appeal from Twenty-First Judicial District Court, Parish of Tangipahoa; Columbus Reid, Judge.

Two suits, one by R. D. Fellows, the other by James Jumonville, both against the Police Jury of the Parish of Tangipahoa, wherein the Standard Highway Company, Incorporated, intervened, consolidated and tried together. Judgments for plaintiffs, and defendant and intervener appeal. Cases transferred to Court of Appeal, First Circuit, Parish of Tangipahoa.

A. L. Ponder, Jr., Dist. Atty., of Amite, for appellant Police Jury.

A. L. Ponder, Sr., of Amite, and Benton & Benton, of Baton Rouge, for intervener appellant.

Harry Gamble, of New Orleans, and Shelby S. Reid, of Amite, for appellees.

BRUNOT, J. On March 11, 1924, the police jury of the parish of Tangipahoa appointed R. D. Fellows and James Jumonville members of the board of supervisors of consolidated road district A, of the parish of Tangipahoa, and on April 14, 1925, the police jury adopted a resolution discharging said members from the board of supervisors and appointed Everett Spaker and Dr. R. E. Warren to fill the vacancies thus created. Fellows and Jumonville filed separate suits attacking the authority of the police jury to remove them from the board. The pleadings in both suits are identical and the cases were consolidated and tried together. The Standard Highway Company, Incorporated,

intervened in both suits, and from judgments in favor of the plaintiffs and against the interveners, and in favor of the plaintiffs and against the police jury of Tangipahoa parish, dismissing the interventions, and decreeing the ordinance adopted by the police jury on April 14, 1925, to be null and void, and forever enjoining the police jury from interfering with the petitioners in the discharge of their duties as members of the board of supervisors, an appeal was taken to this court.

In the lower court the police jury filed exceptions to the jurisdiction of the court, exceptions of no right or cause of action, an answer and supplemental answer, and plaintiffs filed motions to strike out the intervention of the Standard Highway Company, Incorporated, and a plea of estoppel. We are not presently concerned with these pleas nor with the merits, because we are of the opinion that the appeal should have been taken to the Court of Appeal.

Members of boards of supervisors of road districts receive no salary or emoluments of office, nor do they have under their control or distribute any fund whatever.

Article 14, § 14 (c), of the Constitution empowers the Legislature to authorize police juries to create road districts. Act No. 118 of 1921 (Ex. Sess.) makes this provision of the Constitution effective, and section 7 of the act provides the manner in which members of the supervising boards of road districts may be appointed. It provides that the board shall elect, from its members, a chairman and secretary, who shall serve without pay; that the board shall be the agent of the police jury in matters pertaining to road construction in their respective districts; that the board shall approve estimates of road work before payment therefor is made by the police jury; and that the police jury shall recognize and approve the contracts let by the board unless they are attacked for fraud or upon other legal grounds.

Section 8 of the act contains the following provision:

"The officers of the police jury of the parish, in which the road district or subroad district is located shall be the officers of the road districts and subroad districts created hereunder. * * * Where a road district or subroad district is created hereunder composed of territory partly within two or more parishes, the officers of the police jury of the parish furnishing the most territory shall be the officers of the road district or the subroad district."

As the members of supervising boards of road districts are mere agents of the parish, serving without pay, and not charged with the custody or disposal of any fund, there arises the question whether the petitions filed in this case allege a right of action, or a cause of action, which may be asserted in any court. But, be that as it may, we are certain that this court is without jurisdiction of this appeal. Article 7, § 10, of the Constitution of 1921.

For the foregoing reasons, this case is transferred to the Court of Appeal, First Circuit, Parish of Tangipahoa; the costs of this appeal to abide the final decision of the case.