(117 So. 749)

No. 29268.

### Marion C. GOFF v. B. V. BARRANCO.

### In re Marion C. GOFF, Applying for Writs of Certiorari and Mandamus.

June 4, 1928.

Edward Rightor, Thos. E. Furlow, and Prentice E. Edrington, Jr., all of New Orleans, for relator.

Charles A. Holcombe and C. C. Bird, both of Baton Rouge, for respondent.

OVERTON, J. Plaintiff alleges that, at a meeting of the Republican State Central Committee, held on January 31, 1928, he was elected a member of that committee, from the parish of East Baton Rouge, for a term of four years; that he has duly qualified as a member of the committee, and is in the actual possession of the office to which he was elected. He also alleges that, notwithstanding his incumbency of the committeemanship from the parish of East Baton Rouge, defendant is illegally claiming to be entitled to said office, and is attempting to exercise the duties thereof, and will continue to do so, unless restrained by a writ of injunction. The prayer of the petition is that a writ of injunction issue and be perpetuated restraining defendant from attempting to exercise the duties of said office until the disputed right to the same be determined.

The trial judge, after a hearing had, dismissed the petition for want of jurisdiction, for the reason that the case was a political one, not cognizable by the courts.

As stated by us in the case of William A. Dill v. J. H. Lowery, No. 29269 (La.) 117 So. 748,[1] this day decided, there are no emoluments or salary attached to the position of committeeman. The case is such a one as was appealable to the Court of Appeal (Fellows v. Police Jury, 160 La. 749, 107 So. 514), and is not of such a nature, as observed in the Dill Case, as would justify us in reviewing it in the exercise of our extraordinary jurisdiction.

For these reasons, the rule that issued herein is discharged, and relator's application is dismissed.

(117 So. 750)