STATE ex rel. TUTTLE et al. v. REPUBLICAN STATE CENTRAL COMMITTEE OF LOUISIANA.

No. 2063.

Court of Appeal of Louisiana. First Circuit.

Dec. 6, 1939.

R. A. Dowling and J. J. Jackson, both of New Orleans, for appellants.

Frank J. Looney, of Shreveport, Jno. E. Jackson, of New Orleans, and J. M. Grimmet and Philip H. Mecom, both of Shreveport, for appellee.

PER CURIAM.

This suit was instituted by sixteen persons who have joined in one petition seeking by mandamus to have the State Central Committee of the Republican Party of Louisiana and its chairman to certify their names to the Secretary of State as candidates for membership on the State Central Committee of the Republican Party from sixteen wards of the City of New Orleans. The names of the Relators with the respective wards of the City of New Orleans from which they are seeking to become candidates for membership on said Republican State Central Committee in the primary election to be held by the Re-

publican Party in this State on January 16th, 1940, are as follows: John J. Wiliams, First Ward; Rev. Edward P. Columbus, Second Ward; Guy Graham, Third Ward; Henry P. Alcantara, Fourth Ward; Salvador A. Ruiz, Fifth Ward; W. W. Tuttle, Sixth Ward; Albert L. Barham, Seventh Ward; Rev. B. Jolicoeur, Ninth Ward; John I. Larson, Tenth Ward; James L. Woods, Eleventh Ward; W. A. Nachary, Twelfth Ward; Jacob Oubre, Thirteenth Ward; Philip M. Seymour, Fourteenth Ward; Charles Henderson, Fifteenth Ward; Jacob E. Hassinger, Sixteenth Ward; and James F. McKay, Seventeenth Ward.

These relators allege that they filed with the Chairman of the Republican State Central Committee their separate applications and declarations to become candidates for membership on said Republican State Central Committee at said primary and in accordance with the rules and requirements fixed by said committee and as required by the laws of the State; that they are duly qualified to become candidates for said positions; that certain objections were filed with the Chairman of said Committee to their qualifications to become candidates for membership on said State Central Committee, which objections are referred to and made part of the petition. According to these objections annexed to the petition, they seem to be based on the same ground as to each candidate; viz, that the Notary Public before whom the affidavit annexed to the application was made did not administer to the applicant the required oath; that said oath is null and void because the applicant did not appear before the Notary who signed the purported affidavit; that the applicant is not a legal resident of the ward from which he seeks to become a candidate for membership on said Committee, and that he is not a qualified elector in the ward from which he seeks to become such a candidate.

Relators further allege that the objections to their candidacy were heard by the State Central Committee of the Republican Party at a special meeting held in Alexandria on October 30th, 1939, at which they appeared either in person or by their duly authorized representatives and made a defense and offered evidence against the objections to their candidacy for said positions, but that said Committee without any proof and arbitrarily declared relators disqualified to become candidates for said positions and refuse to certify their names

as candidates, thus depriving them of the right to become candidates at said Republican primary to be held January 16th, 1940, although they are legally qualified to become candidates for said positions.

The State Central Committee of said Party filed: (1) an exception to the jurisdiction of the East Baton Rouge Parish District Court, ratione personae and ratione materiae; (2) exception of no right or cause of action; (3) plea of prescription; and (4) misjoinder of parties plaintiff. At the time of filing these pleas and exceptions the defendant Committee also filed an answer admitting that the relators had filed their applications to become candidates for said positions; that objections were filed to their qualifications to become candidates and that these objections were heard and sustained by the Committee and the applicants were disqualified. The Committee further alleges in its answer that its action in disqualifying said applicants was fully justified and in all respects legal.

Evidence was heard on the merits, after which the trial Judge took up and considered each exception and plea separately and rendered a judgment overruling the exception to the jurisdiction of the Court, misjoinder of parties plaintiff and of no cause or right of action, but sustained the plea of prescription and dismissed the suit. All of these relators have taken a joint appeal to this Court, and the Committee has filed an answer to the appeal asking that the exceptions to the jurisdiction of the Court and of no cause or right of action be sustained, and that the action of the trial Court in sustaining the plea of prescription be affirmed. The exception of misjoinder of parties has been abandoned.

It is proper to state here that another suit was filed against the Committee by two of the relators in this suit, Graham and Tuttle, in which they seek to compel the Committee and its chairman to certify their names as candidates for Governor at the Republican primary to be held on the aforesaid date. We are informed by Counsel in brief and in oral argument that the issues presented in the other case are identical with those presented in this case on appeal to this Court. The other case was appealed to the Supreme Court at the same time this case was appealed to this Court and the other case was fixed for argument and submission the day following that on which the present case was argued and submitted in this Court.

In view of the fact that the issues in both cases are the same, a stipulation was entered into by Counsel on both sides and entered as an order of this Court to the effect that this Court would await the decision of the Supreme Court in the other case before deciding this case; that the time required by law for deciding a case of this kind be waived, and the Court be given the right to decide this case in open Court during the Sessions of this Court to be held at Lake Charles during the week beginning December 4th 1939, the decree to have the same force and effect as though the case were decided within the legal delay and at Baton Rouge.

There is one question presented in this case on appeal here that is not presented in the case appealed to the Supreme Court, that is, whether or not this Court has jurisdiction of this appeal. While there is no motion in this Court filed to dismiss the appeal, yet it was contended in argument that this Court has no jurisdiction of the appeal and it was suggested that the Court dismiss the appeal on its own motion.

The District Courts of the State have exclusive original jurisdiction, among other matters, of all cases where the right to office, or other public position, "or civil or political rights are involved, and in all cases where no specific amount is in contest." Constitution, Art. 7, § 35.

Courts of Appeal have appellate jurisdiction in all civil and probate cases of which the District Courts "have exclusive original jurisdiction, regardless of the amount involved * * * and of which the Supreme Court is not given jurisdiction." Constitution, Art. 7, § 29.

Section 11 of Act 97 of 1922 (the primary election law) as amended, gives the party aggrieved by the decision of a party committee in disqualifying him from becoming a candidate at the primary the right to appeal from the decision of the Committee to any Court of competent jurisdiction, the jurisdiction of the Court, time of filing petition and answer, procedure and appeal shall in all things, and as far as applicable, be as provided for contested election cases under Section 27 of said Act.

Section 27 of said Act gives the Courts of the State jurisdiction to hear, try and determine all contests arising in elections under the Act, and provides for the time of filing the suit, the method of procedure and the time of rendering judgment. The section also gives a right of appeal to the party cast in the judgment, the emoluments of the office involved for the full term to determine the jurisdiction on appeal.

While there is nothing in the record to show what, if any, emoluments are attached to the office of membership on the Republican State Central Committee, yet it was conceded in argument that there is no salary, fee, or pecuniary remuneration attached to the position. Regardless, however, of the fact that there are no emoluments attached to this position, the District Court has exclusive original jurisdiction of the contest, and, under the Constitutional provision above referred to, this Court has appellate jurisdiction of the case. Dill v. Lowery, 166 La. 645, 117 So. 748; Goff v. Barranco, 166 La. 647, 117 So. 749; Fellows v. Police Jury of Tangipahoa Parish, 160 La. 749, 750, 107 So. 514.

Pursuing their argument on the plea of jurisdiction ratione materiae further, Counsel for respondent State Central Committee contend that the Nineteenth Judicial District Court for the Parish of East Baton Rouge was not, and this Court is not, vested with jurisdiction to try this cause because the position to which the relators aspire as members of the Republican State Central Committee is not a public office and neither is it a State Office within the meaning of the term office as used in the primary law and from which alone the Courts derive their authority to hear and pass on the action of the Committee in disqualifying candidates or deciding primary election contests.

Whilst a member of the State Central Committee of a political party may not be an officer or State officer in the sense that the Governor of the State is, nevertheless, for the purpose for which he is elected under the very provision of the primary statute which creates the position, he is an officer charged with certain duties and responsibilities under that act. The act itself makes the members of the State Central Committee the governing authorities of their respective political parties and specifically refers to their positions as offices; Section 28 of the Act. The act provides for their nomination and election the same as it provides for the nomination and election of other officers and they are therefore subject to the same rules and forms of procedure in relation to their

nomination and election as all other candidates under the act. Under the act the procedure in case a candidate is disqualified by the Committee calling the election, is to require the Committee to be made a party defendant and in this case the Republican State Central Committee is the only proper party defendant because the contest is strictly one between the party who has been disqualified and the Committee itself.

Counsel have referred the Court to several cases in other jurisdictions in which it seems to be held that the position of a member of a political party committee is not regarded as a public office but merely a political or party office. Needless to say that we are not familiar with the laws of the various States from which these decisions come under which membership on a party committee is created. It is enough for us to state that in this State, at least one of our appellate Courts has held that a member of a State Central Committee, the very position involved in this suit, is held to be a public office and we find no reason to disagree with that holding. Dastugue v. Cohen (Orleans Court of Appeal) 14 La.App. 475, 131 So. 746.

█ We are of the opinion moreover, that the position of member of a State Central Committee is not only a public office but is also a State Office because, whilst he is elected from a Parish in the State or a ward of the City of New Orleans, he is nevertheless a member of a State body whose functions and duties are of a state wide nature. Therefore as a State Officer the proper forum in which to present his claim for nomination or contest an election is the District Court of the Parish in which the Capitol of the State is situated, which, of course, is the Nineteenth Judicial District Court for the Parish of East Baton Rouge. Sec. 27 of the Act.

█ The plea of prescription on which the District Judge had dismissed the suit of the relators was overruled by the decision and judgment of the Supreme Court in the case of Graham and Tuttle v. the same Defendant on November 30th, 1939. The action of the District Judge in overruling the exceptions of no cause of action and of misjoinder of parties plaintiff was affirmed in that decision, on all of which issues we are thereby controlled.

█ On the merits we find no evidence whatever to support the ground on which the objections to the candidacies of the relators were sustained by the respondent Committee and for which they were disqualified. On the contrary, the testimony abundantly shows that each is duly qualified and entitled to have his candidacy recognized and his name appear on the ticket at the primary election to be held under the call of the Committee January 16th 1940.

For the reasons herein assigned as well as for the reasons given by the Supreme Court in the case of State ex rel. Guy Graham et al. v. Republican State Central Committee of Louisiana, 192 So. 374, decided November 30th 1939, the judgment appealed from, in so far as it overruled the exceptions to the jurisdiction of the Court, misjoinder of parties plaintiff, and of no right or cause of action is hereby affirmed; and in so far as said judgment sustained the plea of prescription and dismissed relators' suit, the same is hereby set aside, avoided and reversed and said plea of prescription is now overruled.

It is further ordered that there be judgment herein in favor of the hereinabove named relators and against the respondent, the Republican State Central Committee of Louisiana and its Chairman, Philip H. Mecom, directing the Committee and its Chairman to certify the names of said relators for the respective positions as candidates for members on the Republican State Central Committee of Louisiana and from the respective wards of the City of New Orleans to be voted on at the Republican Primary Election called to be held in Louisiana on January 16th 1940, as follows, to-wit: John J. Williams, First Ward; Rev. Edward P. Columbus, Second Ward; Guy Graham, Third Ward; Henry P. Alcantara, Fourth Ward; Salvador A. Ruiz, Fifth Ward; W. W. Tuttle, Sixth Ward; Albert L. Barham, Seventh Ward; Rev. B. Jolicoeur, Ninth Ward; John I. Larson, Tenth Ward; James L. Woods, Eleventh Ward; W. A. Nachary, Twelfth Ward; Jacob Oubre, Thirteenth Ward; Philip M. Seymour, Fourteenth Ward; Charles Henderson, Fifteenth Ward; Jacob E. Hassinger, Sixteenth Ward; and James F. McKay, Seventeenth Ward.

All costs to be paid by respondent.