This is a proceeding under the provisions of the Primary Election Law, Act No. 46 of 1940, as amended, in which relator, Hiram Doyle, seeks to compel, by mandamus, the Rapides Parish Democratic Executive Committee to certify relator to the Secretary of State as a duly qualified candidate for the office of Police Juror of Ward Six, Rapides Parish, Louisiana, in the Democratic primary election of January 20, 1948.
The undisputed facts which are embodied in the stipulation between the parties are that the Rapides Parish Democratic Executive Committee, meeting on October 8, 1947, called a Democratic primary election to be held on the 20th day of January, 1948, for the purpose of selecting nominees of the Democratic party for certain parish and ward offices, including the office of Police Juror, Ward Six, Rapides Parish, Louisiana; the qualifying fee and the limit within which notices of candidacy could be filed were fixed in the resolution; on the 13th day of October, 1947, well within the period for qualification, which was limited by the Committee as 5 o'clock p.m. on October 18, 1947, Hiram Doyle, relator herein, filed notice of his intention to become a candidate for the Democratic nomination as Police Juror of Ward Six of Rapides Parish, Louisiana, which notice was filed on a proper blank prepared and furnished by the Committee; that there was filed with the Committee by one C.A. Johnson on October 22, 1947, a protest to the candidacy of relator herein, which protest was answered by relator on October 23, 1947. The Committee at a meeting on October 28, 1947, heard the protest, sustained the same and declared Hiram Doyle ineligible to participate in the primary as a candidate for nomination as set forth.
Under the provisions of the Act governing primary elections Doyle filed this suit, and, after hearing, there was judgment by the Ninth District Court maintaining and making permanent the writ of mandamus, annulling and setting aside the decision of the Rapides Parish Democratic Executive Committee and ordering said respondent Committee to certify Hiram Doyle, relator herein, to the Secretary of State as a duly qualified candidate in said primary election for the Democratic nomination for said office.
Both C.A. Johnson, who filed the protest which is the basis of this action, and the Rapides Parish Democratic Executive Committee were made respondents. From the judgment of the District Court the Committee alone has appealed. *Page 496 
A motion to dismiss the appeal has been filed in this Court on behalf of the relator on the ground that no appeal bond was required or given by the respondent, Rapides Parish Democratic Executive Committee, appellant.
In support of this motion it is argued that the respondent Committee is not such a State board or commission exercising public power or administering public functions as is exempt from the giving of bond under the provisions of Act No. 173 of 1902, Dart's Statutes, § 1978.
We do not find that the point raised has ever before been made an issue in this State. However, we find that decisions of both the Orleans and the First Circuit Courts of Appeal have construed committees of political parties as being instrumentalities of state.
In Dastugue v. Cohen, 14 La. App. 475, 131 So. 746, 751, in which case writs were refused by the Supreme Court, the opinion of judge Higgins expressed the conclusion of the Court in these words: "The duties of party committees and their members are public, and the committees are the instrumentalities of the state. They are created by law which prescribed their duties and powers."
In State ex rel. Tuttle et al. v. Republican State Central Committee of Louisiana, 192 So. 740, the per curiam of the Court of Appeal for the First Circuit expressed the opinion that the position of a member of a State Central Committee was not only a public office but a state office.
[1] In line with this course of reasoning, it follows that any of the regularly constituted committees under the Act must be recognized as occupying the status of a public body exercising "public powers or administering public functions" within the provisions dispensing such bodies from giving bond.
For these reasons the motion to dismiss is overruled.
On the merits we are immediately and forcibly impressed with the point raised by counsel for relator to the effect that the alleged "protest" did not set forth any legal ground for the disqualification of relator as a candidate.
The body of the "protest" as filed by the respondent, Johnson, reads as follows: "I hereby protest the qualifications of Mr. Hiram Doyal who qualified as a candidate for Police Juror, Ward Six, Rapides Parish, Louisiana, due to the fact that when he took the oath before the Democratic Executive Committee, he did not possess any real property, and therefore was not a qualified candidate for Police Juror, at the time of filing his qualification."
The opening paragraph of relator's answer to the "protest" set forth: "With reference to the protest of C.A. Johnson as to my qualifications to become a candidate for Police Jury member from Ward six, the protest does not contain any legal grounds for disqualifying me as a candidate."
Thus the issue was squarely raised. The fact that the remainder of relator's answer to the "protest" alternatively raised other issues as to the validity thereof does not detract from the fact that in effect he excepted to the protest as failing to set forth a cause of action.
It is apparent that the respondent, Johnson, purported to protest the candidacy of relator on the ground of his lack of qualifications for the office of Police Juror as fixed by Act No. 94 of 1894, Dart's Statutes, § 6393, as follows:
"6393. Qualifications of Police Jurors — The members of the police juries of the several parishes throughout the State, hereafter to be elected, shall possess the same qualifications as members of the House of Representatives and also the following additional qualifications:
"They shall be able to read and write and shall, each, own in his own right or whose wife shall own in her own right property of an assessed value of at least two hundred and fifty dollars in the parish for which they may be elected."
And it is equally apparent that the so-called "protest" of the respondent, Johnson, did not negative relator's possession of the qualifications expressed in the statute quoted.
[2] It would have been eminently proper for the Committee to have declared that the "protest" failed to set forth any ground *Page 497 
for the disqualification of Hiram Doyle as a candidate for nomination to the office of police juror. The sole and only ground upon which the alleged "protest" was based was that relator "did not possess any real property". It is to be observed that the possession of real property is not enumerated as one of the qualifications under the provisions of the law above quoted. And, further, neither is it required that theownership of property shall be in the candidate himself.
It is plain that the establishment of the only ground of the "protest", that is, that relator did not possess any real property, would not have justified his disqualification.
The record before us clearly demonstrates the fact that the Committee, which heard the "protest", notwithstanding the fact that it was acting, in the words of its counsel in oral argument before this Court, "in a semi-judicial capacity", chose to go beyond the ground of the "protest" as actually filed and based its ultimate decision sustaining the "protest" on facts which were not set forth therein.
The protest in the instant case did not comply with the provisions of the statute governing primary elections, Dart's Statutes, § 2682.32, Act No. 46 of 1940, § 28, as amended by Act No. 351 of 1946, § 4, which in referring to protests specifically requires that: "The objections to such candidacy must be in writing, and must contain, in detail, the reasonsfor such objections." (Emphasis by the Court.)
Not only did relator's answer to the "protest" before the Committee raise the issue as to protestant's failure to set forth any legal ground for disqualification, but, on trial of the case before the District Court, relator preserved his rights in this respect by objecting to testimony on the ground that "The protest filed by Mr. C.A. Johnson, one of the respondents, does not negative the qualification of Mr. Doyle to hold office, and that the Committee cannot go any further than the protest as contained in the written document filed as a protest with the Committee."
In ruling on the objection the learned Judge of the District Court stated: "The court indicates its ruling to the effect that it is of the opinion that the exception is good, but I reserve the final ruling on this until the case is closed and the court decides the merits."
We think, unquestionably, relator's objection to the "protest" was well grounded, and, in our opinion, the objection to the testimony as above noted should have been sustained.
[3] In view of the fact that the statute governing the actions of committees with regard to protest particularly provides that protests shall state, in detail, the reasons upon which they are based, and in consideration of the fact that relator objected to the "protest" in the instant case on the ground that the same failed to state any reason for his disqualification as a candidate, we are of the opinion that the Committee erred in pursuing its investigation beyond these bounds and in failing to sustain relator's exception.
In view of this finding we deem it unnecessary to enter into a discussion of the other points which were raised on behalf of relator.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
KENNON, J., absent.
 On Application for Rehearing