TATE, Judge.
By these mandamus proceedings the Tan-gipahoa Parish Democratic Executive Committee sought to compel its former officers “to deliver to relator the records and funds belonging to relator”. After preliminary pleadings, on June 26, 1953, trial on the merits was held. On June 18, 1954, judgment without written reasons was rendered dismissing plaintiff’s suit. From this judgment, plaintiff-committee appealed to this court.
Following the 1952 first primary, the committee members elected therein met on February 5, 1952, to organize and to elect new officers. Defendants, who had served as chairman and secretary-treasurer of the former committee and who were re-elected to the new committee as members, were replaced as officers at this meeting, apparently by members of an opposing political faction.
This mandamus suit was filed on September 15, 1952, to compel the old officers to turn over the Committee’s “records and funds” allegedly in their possession. Both defendants testified that they did not have any records or funds in their possession belonging to the Committee. It is admitted that before suit was filed, the new officers took control of the balance (about $77) in the Committee’s bank account. Under cross-examination, defendant Sinagra testified that all he had in his possession belonging to the committee were a few envelopes, which he was willing to deliver *95 to the new officers, except that he had never been requested to do so.
Relator-appellant introduced evidence that by check of the Committee signed by defendant Charles Sinagra, Chairman, dated February 4, 1952 (one day before the re-organization meeting), and cashed on February 7, 1952, defendant Charles Sina-gra was paid the sum of $600. There is no evidence in the record to indicate that this check was made other than on February 4, 1952.
While perhaps in appropriate proceedings defendants could be required to account for funds spent by them as officers of the committee, and recovery had of any funds improperly disbursed, the only relief sought in the present mandamus suit was to require defendants to deliver Committee funds and records to the Committee, and there is no evidence whatsoever that defendants had in their possession any such records or funds.
Furthermore, had relator sought recovery of any unliquidated amounts allegedly owed by defendants, the summary mandamus remedy would not be available, since mandamus issues only in cases where the duties sought to be enforced are clear and unequivocal, State ex rel. Boagni v. Colorado Southern N. O. & P. R. Co., 120 La. 9, 44 So. 905, State ex rel. Boykin v. Hope Producing Co., La.App., 167 So. 506.
As to the envelopes, demand for which defendant testified had never been made, and which may or may not constitute “records”, it is apparent from the testimony of Dr. J. H. McClendon, Jr., the new secretary, on behalf of plaintiff-relator that what was sought were records of expenditures, not these minor office supplies.
Under our view of the case above expressed, it is unnecessary to discuss the various contentions made by both parties as to the nature and organization of Parish Executive Committees under LSA-R.S. 18:295 and 18:298.
For the reasons above assigned, the judgment of the trial court dismissing the Committee’s suit is affirmed. Since the relator is a “public body”, State ex rel. Doyle v. Rapides Parish Democratic Executive Committee, La.App., 32 So.2d 494 (that is, a “public board or commission”), relator-appellant is dispensed from paying court costs under LSA-R.S. 13:4521, other than court reporter costs in the trial court, which latter are assessed against plaintiff-relator-appellant.