946 So.2d 760 (2007)
STATE of Louisiana, Respondent,
v.
Manuel DUQUE, III, Applicant.
No. 42,074-KW.
Court of Appeal of Louisiana, Second Circuit.
January 18, 2007.
*761 Snell and Robinson, by Aubrey R. Snell, for Applicant, Manuel Duque, III.
John Schuyler Marvin, District Attorney, Michael O. Craig, Assistant District Attorney, for Respondent, State of Louisiana.
Before BROWN, STEWART and GASKINS, JJ.
WRIT GRANTED.
The defendant, who is the executive director of the Bossier Office of Community Services, Inc. ("BOCS"), is charged by bill of information with four counts of malfeasance in office pursuant to La. R.S. 14:134. On May 4, 2006, the defendant filed a motion to quash the bill of information, wherein he alleged that he was not a public officer or a public employee, which is an element of the offense, because the organization for which he works is not a public agency. The trial court conducted a hearing and later issued an order denying the motion to quash, finding that the BOCS is a public agency and that, therefore, the defendant qualified as a "public officer" or a "public employee."
A plain reading of La. R.S. 14:134, the statute defining "malfeasance in office," indicates that being a "public officer" or "public employee" is an element of the offense. The terms "public officer" and "public employee" are defined as follows by La. R.S. 14:2(9):
(9) "Public officer," "public office," "public employee" or "position of public authority" means and applied to any executive, *762 ministerial, administrative, judicial, or legislative officer, office, employee or position of authority respectively, of the state of Louisiana or any parish, municipality, district, or other political subdivision thereof, of any agency, board, commission, department or institution of said state, parish, municipality, district, or other political subdivision.
Therefore, it is necessary to determine whether BOCS is a public agency in order to determine whether defendant may be charged as a "public official" or "public employee" with malfeasance in office pursuant to La. R.S. 14:134.
In State v. Smith, 357 So.2d 505 (La. 1978), the Louisiana Supreme Court addressed the issue of whether employees of a private corporation performing public services were "public officers" or "public employees" and could be convicted of malfeasance in office under La. R.S. 14:134. The defendants in Smith were employees of a private, nonprofit corporation formed under Title 12 of the Revised Statutes with articles of incorporation filed with the Secretary of State. State v. Smith, 357 So.2d at 506. In Smith, the court noted that the corporation had been formed in 1965 to avail itself to The Economic Opportunity Act, as codified in 42 U.S.C. § 2781, et seq., and had been designated as a community action agency. State v. Smith, supra. Similarly, BOCS was formed in accordance with Title 12 of the Revised Statutes through articles of incorporation executed on June 27, 1978, and filed with the Secretary of State, wherein it declared itself a nonprofit corporation with the purpose of operating a community action program for Bossier Parish in accordance with The Economic Opportunity Act of 1964.
The court noted that The Economic Opportunity Act allowed both public entities and private, non-profit agencies to fill the role of community action agency. State v. Smith, 357 So.2d at 506-507. The court rejected the argument that receiving public funds made an organization a public entity and, rather, adopted the following factors in determining whether an entity is a state or public agency: (1) the entity was created by the legislature; (2) the powers were specifically defined by the legislature; (3) the property of the entity belonged to the public; and (4) the entity's functions were exclusively of a public character and performed solely for the public benefit. State v. Smith, 357 So.2d at 507. The court ultimately concluded that the defendants could not be considered public officers or public employees under the statutory definition because their corporation was not a state agency, stating that "those who are not clearly included by the terms of a criminal statute are excluded." State v. Smith, 357 So.2d at 508.
In Bankston v. Board of Ethics for Elected Officials, XXXX-XXXX (La.6/22/98), 715 So.2d 1181, the Louisiana Supreme Court revisited the issue of whether a community action agency for Tangipahoa Parish known as "Quad Area" was considered as a public agency and reaffirmed its earlier four-part test from State v. Smith, supra, for determining whether an entity should be classified as a public agency. Bankston v. Board of Ethics for Elected Officials, 715 So.2d at 1185-1186. Similar to BOCS, Quad Area had been created in 1976 as a private, nonprofit corporation under Title 12 of the Revised Statutes, before enactment of the communication action legislation of La. R.S. 23:61 et seq. in 1982, and before it was designated as the official community action agency of Tangipahoa Parish. Bankston v. Board of Elected Officials, 715 So.2d at 1185. The court noted that Quad Area had not been created by a special act of the Louisiana Legislature or Constitution and that "[t]he enactment in 1982 of the community action *763 legislation found at LSA-RS 23:61 et seq. did not transform Quad Area into a creature of the Legislature." Bankston v. Board of Elected Officials, supra. The court also found that Quad Area was to be considered a private organization under La. R.S. 23:64.1(E) because it had originally designated itself as a private organization and had not designated itself otherwise prior to October 1, 1994. Bankston v. Board of Elected Officials, 715 So.2d at 1186. Thus, the court implicitly recognized that Quad Area was the only entity that had the authority to designate itself as anything other than a private, nonprofit organization, in spite of Tangipahoa Parish having designated it as its official community action agency.
In the present case, the trial court found that BOCS had been declared a public agency by the Bossier Parish Police Jury pursuant to La. R.S. 23:64(E) in a meeting on September 27, 1994, and the state argues that it was created by an act of the Louisiana Legislature as codified in La. R.S. 23:64.1. In 1982, the Louisiana Legislature enacted the community action legislation codified in La. R.S. 23:61 et seq. and thereby established "a procedure for the designation of community action agencies; fixing the responsibilities of community action agencies; defining community action programs; and establishing a formula for the allocation of community service block grant funds." La. R.S. 23:61. According to La. R.S. 23:62(1), the community action legislation clearly allows both public agencies and private, nonprofit organizations to be appointed as community action agencies and, according to La. R.S. 23:63(A), the parish governing authority has the power to designate what entity serves as the community action agency on an annual basis.
The legislation sets out how a community action agency should be governed in La. R.S. 23:64.1, and in Subsection E, it states that "[a]n entity designated as a community action agency shall be considered a private, nonprofit organization unless it establishes otherwise by October 1, 1994 or upon its initial designation if such occurs after such date." A plain reading of the entire statute indicates that the "entity" determines whether it is considered a private, nonprofit organization, and the Court implicitly held as much in Bankston v. Board of Elected Officials, supra. Therefore, the Bossier Parish Police Jury did not have the authority to convert BOCS from a private, nonprofit corporation to a public agency. The articles of incorporation for BOCS designated it as a private, nonprofit corporation, and there is no evidence that it ever designated itself as anything else prior to October 1, 1994. Further, the state's claim that BOCS was created by the legislation codified in La. R.S. 23:64.1 is clearly without merit because BOCS was created by articles of incorporation executed in 1978, and the legislation in La. R.S. 23:61 et seq. was not passed until 1982.
Applying the four-part test from State v. Smith, supra, to the present case, BOCS is a private, nonprofit corporation and not a public agency. As such, the officers and employees of BOCS are not public officers or public employees as defined by La. R.S. 14:2(9). Accordingly, the officers and employees of BOCS cannot be prosecuted for malfeasance in office as defined by La. R.S. 14:134 because the statute only allows public officers and public employees to be prosecuted for such. Therefore, the trial court erred in denying defendant's motion to quash the bill of information charging him as an officer of BOCS with malfeasance in office, and the writ is granted.